JoANNA L. BROOKS (SBN 182986)
MARK S. ASKANAS (SBN 122745)
DYLAN B. CARP (SBN 196846)
DAVID T. WANG (SBN 275015)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA  94105
Telephone     415.394.9400
Facsimile:     415.394.9401

E-filing

Attorneys for Defendants
EMERITUS CORPORATION and SUMMERVILLE AT
HARDEN RANCH, LLC dba EMERITUS AT HARDEN
RANCH

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| VANESSA CASTRO and VERONICA FLORES,<br><br>                    Plaintiffs,<br><br>          v.<br><br>EMERITUS CORPORATION;<br>SUMMERVILLE AT HARDEN RANCH, LLC<br>doing business as EMERITUS AT HARDEN<br>RANCH; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No.   CV 11  3504<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]** |

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

2    DISTRICT OF CALIFORNIA:

3          PLEASE TAKE NOTICE that Defendants Emeritus Corporation ("Emeritus") and

4    Summerville at Harden Ranch, LLC dba Emeritus at Harden Ranch ("Harden Ranch"),

5    contemporaneously with the filing of this Notice, hereby effect removal of the below referenced

6    action from the Superior Court of the State of California for the County of Monterey to the United

7    States District Court for the Northern District of California.  This removal is based on 28 U.S.C.

8    §§ 1332(a), 1332(d) (the Class Action Fairness Act ("CAFA")), 1441 and 1446, on the following

9    grounds.

10         **PRELIMINARY STATEMENT OF JURISDICTION**

11         1.     This Court has original jurisdiction over this action under CAFA, and this action is

12   therefore one that may be removed to this Court by Defendants under  28 U.S.C. § 1441(a).  In

13   addition, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), and this

14   action is therefore one that may be removed to this Court by Defendants under  28 U.S.C. §

15   1441(a), in that it is a civil action between citizens of different states and the matter in

16   controversy exceeds the sum of $75,000, exclusive of interest and costs.

17         **VENUE**

18         2.     This action was filed in the Superior Court of the State of California for the

19   County of Monterey.  Thus, venue properly lies in the United States District Court for the

20   Northern District of California under 28 U.S.C. §§ 84(a), 1391(a) and 1441(a).

21         **PLEADINGS, PROCESS AND ORDERS**

22         3.     On March 3, 2011, an action was commenced in the Superior Court of the State of

23   California in and for the County of Monterey, entitled VANESSA CASTRO and VERONICA

24   FLORES, Plaintiffs, v. EMERITUS CORPORATION; SUMMERVILLE AT HARDEN

25   RANCH, LLC dba EMERITUS AT HARDEN RANCH; and Does 1 through 100, inclusive,

26   Defendants, as Case No. M110966.  A true and correct copy of the First Amended Complaint

27   ("Complaint"), the operative pleading, is attached as Exhibit A.

28

2

NOTICE OF REMOVAL TO FEDERAL COURT             Case No.

1        4.      The first date upon which Emeritus and Harden Ranch received a copy of the

2    Complaint was June 16, 2011 when their agent for service of process was personally served with

3    a copy of the Complaint, a Summons from the state court, and a Notice of Case Management

4    Conference.  A true and correct copy of the Summons is attached as Exhibit B.  A true and correct

5    copy of the Notice of Case Management Conference is attached as Exhibit C.

6    <div align="center">**TIMELINESS OF REMOVAL**</div>

7        5.      This Notice of Removal is timely in that Defendants filed it within thirty days of

8    the first date upon which either of them received a copy of the Complaint.

9    <div align="center">**DIVERSITY JURISDICTION UNDER CAFA**</div>

10       6.      This Court has jurisdiction under CAFA, and this case may be removed under 28

11   U.S.C. § 1441(a), in that it is a civil action wherein: (1) the proposed class contains at least 100

12   members; (2) none of the defendants is a state, state official or other governmental entity; (3) the

13   total amount in controversy for all class members exceeds $5 million, exclusive of interest and

14   costs; and (4) there is diversity of citizenship between at least one class member and one

15   Defendant.

16   <div align="center">**PROPOSED CLASS CONTAINS AT LEAST 100 MEMBERS**</div>

17       7.      Plaintiffs seek to represent "[a]ll current and former employees of Defendants who

18   were paid an hourly wage and who worked for Defendants in California during the Class Period,"

19   among other subclasses.  Compl., ¶ 32(A).  "Class Period" is defined as "the period of time

20   beginning four (4) years before the commencement of this action through the date on which each

21   class or subclass herein is confirmed."  Compl., ¶ 2.

22       8.      Plaintiffs allege that "Defendants currently employ, and during the relevant time

23   periods regularly employed, more than 200 employees in California in hourly wage or otherwise

24   non-exempt positions."  Compl., ¶ 35.

25       9.      Consistent with Plaintiffs' allegation, since March 7, 2007, Emeritus has had 8,865

26   non-exempt employees in California.  Declaration of Liberty Stansberry ("Stansberry Dec"), ¶ 4.

27       10.     Accordingly, the proposed number of class members indisputably exceeds 100

28   individuals, as required for CAFA jurisdiction.

<div align="center">3</div>

| 1 | **DEFENDANTS ARE NOT GOVERNMENTAL ENTITIES** |

1

**DEFENDANTS ARE NOT GOVERNMENTAL ENTITIES**

2      11.      Neither Emeritus nor Harden Ranch is a state, state official or other governmental

3  entity.  Stansberry Dec, ¶ 5.

4

**MINIMAL DIVERSITY OF CITIZENSHIP**

5      12.      Plaintiffs were at the time the action was commenced, and still are, citizens of the

6  State of California.  Castro's last known residence was 749 East Romie Lane, Salinas, CA 93901.

7  Stansberry Dec, ¶ 6.  Flores' last known residence was 1939 Dartmouth Way, F, Salinas, CA

8  93906.  Stansberry Dec, ¶ 6.

9      13.      Emeritus was at the time the action was commenced, and still is, a citizen of the

10  State of Washington under 28 U.S.C. § 1332(c), in that it was and is incorporated under the laws

11  of the State of Washington, and its principal place of business was and is the State of Washington.

12  Emeritus' headquarters are in Seattle, Washington, which is where all of Emeritus' executives are

13  located and all administrative functions of Emeritus are carried out.  Emeritus' corporate officers

14  who direct, control and coordinate the national operations of Emeritus—namely, the Chairman of

15  the Board, Chief Executive Officer and Chief Financial Officer—are located in Seattle,

16  Washington.  The majority of Emeritus' senior executives are based out of Emeritus' Washington

17  headquarters.  As a result, nearly all of the corporate decisions of Emeritus are made in

18  Washington, including operational, executive, administrative and policymaking decisions.  Other

19  administrative support functions of Emeritus, including its finance and human resource functions,

20  are directed, controlled and coordinated at a national level by Emeritus officers located in Seattle,

21  Washington.  Stansberry Dec, ¶ 7.

22      14.      The presence of Doe defendants has no bearing on diversity with respect to

23  removal.  28 U.S.C. § 1441(a).

24

**THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000**

25      15.      As explained below, the amount in controversy exceeds the sum of $5,000,000,

26  exclusive of interest and costs.

27      16.      The complaint is pleaded as a putative class action by which Plaintiffs seek to

28  represent five subclasses:

4

A.    "Unpaid Wages Worker Subclass:

All current and former employees of Defendants who were paid an hourly wage and who worked for Defendants in California during the Class Period.

B.    Non-Compliant Wage Statement Subclass:

All current and former employees of Defendants who worked in California and received a wage statement during the Class Period.

C.    Unpaid Wages Former Employees Subclass:

All employees of Defendants who were paid an hourly wage, who worked for Defendants in California and whose employment with Defendants was voluntarily or involuntarily terminated during the Class Period.

D.    Unpaid Reporting Time Subclass:

All current and former employees of Defendants who, at any time during the Class Period, were required to report for one or more work-related meetings and/or training meetings on days that they were not otherwise scheduled or required to work, but who received pay for attending any such meetings that was either (i) less than the pay they would have received for half of their usual or scheduled day's work calculated at their regular rate of pay or (ii) less than the pay they would have received for two (2) hours calculated at their regular rate of pay.

E.    Unpaid Split Shift Subclass:

All current and former employees of Defendants who did not reside at their place of employment and who, at any time during the Class Period, worked a schedule on at least one day which was interrupted by a non-paid non-working period established by the employer (other than a bona fide rest or meal period) and who were not compensated for having been scheduled in such a manner by being provided one hour's pay at the minimum wage in addition to their wage for that workday.  Compl. ¶ 32.

1    17.    Plaintiffs allege that they and all members of the subclasses identified above

2    sustained injuries and damages arising out of and caused by the Defendants' common course of

3    conduct in violation of the law.  Compl., ¶¶ 37-38.

4    18.    <u>Alleged missed meal periods</u>.  Plaintiffs seek one additional hour of pay for each

5    member of the Unpaid Wages Worker Subclass for each day of work during the Class Period on

6    which Defendants allegedly failed to provide them a required meal period under Cal. Labor Code

7    § 226.7.  Compl., ¶¶ 40-50, p. 24:7-19.  There are 8,865 members of this subclass.  Stansberry

8    Dec, ¶ 4.   It is appropriate to calculate the amount in controversy based on the average wage of

9    all putative class members.  *Helm v. Alderwoods Group, Inc.*, 2008 U.S. Dist. LEXIS 120110,

10   *14 fn.3 (N.D. Cal. May 7, 2008).  The average hourly wage of the members of this Subclass is

11   $11.15.  Stansberry Dec, ¶ 4.  Defendants may assume Plaintiffs allege each Subclass Member

12   failed to receive a required meal break on each day worked, given that Plaintiffs allege all

13   Subclass Members were injured by Defendants' common course of conduct, and because

14   Defendants cannot be expected to try the case themselves for purposes of establishing jurisdiction

15   and then admit to the opposing party and to the Court that a certain number of wage and hour

16   violations did indeed occur.  *Helm*, 2008 U.S. Dist. LEXIS 120110 at *19.  For the purpose of

17   this analysis, however, Defendants assume that Plaintiffs allege that each Subclass Member

18   missed only one meal break each week.  Defendants may further assume that each class member

19   worked 250 days, or 50 weeks, per year for the entire four-year Class Period.  *Id.* at *13.

20   Therefore, the amount in controversy for this allegation is approximately $19,768,950 ($11.15 x 1

21   hour x 50 weeks x 4 years x 8,865 Subclass Members).

22   19.    <u>Alleged missed rest periods</u>.  Plaintiffs seek one additional hour of pay for each

23   member of the Unpaid Wages Worker Subclass for each day of work during the Class Period on

24   which Defendants allegedly failed to provide them a required rest period under Cal. Labor Code §

25   226.7.  Compl., ¶¶ 51-60, p. 24:20-25:4.  Assuming for purposes of this analysis only that each

26   Subclass Member had a missed rest break each week he or she worked, then the amount in

27   controversy for this allegation is also approximately $19,768,950 based on the same calculation in

28   the previous paragraph regarding alleged missed meal periods.

6

20.     <u>Alleged unpaid overtime</u>.  Plaintiffs seek unpaid overtime wages for the Unpaid Wages Worker Subclass for each day of work during the Class Period on which Defendants allegedly failed to pay them overtime under Cal. Labor Code §§ 510 and 1198.  Compl., ¶¶ 61-68, p. 25:5-15.  Assuming for purposes of this analysis only that each Subclass Member worked one hour per week for which he or she did not receive overtime compensation, then the amount in controversy for this allegation is approximately $30,839,562 ($11.15 x 1.5 x 1 hour x 52 weeks x 4 years x 8,865 Subclass Members).

21.     <u>Alleged unpaid wages</u>.  Plaintiffs seek unpaid wages for the Unpaid Wages Worker Subclass for each day of work during the Class Period on which Defendants allegedly failed to pay them wages because of deductions for meal periods which were not provided but for which the time was deducted from their time cards as though the meal period was taken, and other time deductions and adjustments calculated to pay less wages, under Cal. Labor Code §§ 1194 and 1198.  Compl., ¶¶ 69-71, p. 25:16-27.  Assuming for purposes of this analysis only that each Subclass Member worked one hour per week for which he or she did not receive compensation, then the amount in controversy for this allegation is approximately $20,559,708 ($11.15 x 1 hour x 52 weeks x 4 years x 8,865 Subclass Members).

22.     <u>Alleged failure to provide accurate itemized wage statements</u>.  Plaintiffs seek penalties on behalf of the Non-Compliant Wage Statement Subclass for failure to keep and provide accurate records of hours worked under Cal. Labor Code § 226(e).  Compl., ¶¶ 72-82, p. 25:28-26:11.  This claim has a one-year statute of limitations.  Cal. Code of Civ. Proc. § 340(a).  Within the one-year limitations period, the Non-Compliant Wage Statement Subclass has 6,040 members.  Stansberry Dec, ¶ 8.  Assuming for purposes of this analysis only that Plaintiffs if successful would be entitled to the maximum aggregate penalty of $4,000 for each Subclass Member, then the amount in controversy for this allegation is approximately $24,160,000 ($4,000 x 6,040 Subclass Members).

23.     <u>Alleged waiting time penalties</u>.  Plaintiffs seek penalties on behalf of the Unpaid Wages Former Employees Subclass for failure to pay wages due promptly upon termination under Cal. Labor Code § 203.  Compl., ¶¶ 83-85, p. 26:12-22.  This claim has a three-year statute

1   of limitations.  Cal. Code of Civ. Proc. § 203(b); *Pineda v. Bank of America, N.A.*, 50 Cal.4th

2   1389 (2010).  Within the three-year limitations period, the Unpaid Wages Former Employees

3   Subclass has 4,060 members with an average hourly wage of $10.92.  Stansberry Dec, ¶ 9.

4   Assuming for purposes of this analysis only that Plaintiffs if successful would be entitled to the

5   maximum penalty of 30 days' wages for each Subclass Member, then the amount in controversy

6   for this allegation is approximately $10,640,448 ($10.92 x 8 hours x 30 days x 4,060 Subclass

7   Members).

8          24.     Therefore, as set forth above, the amount in controversy is approximately

9   $125,737,618.

10                **DIVERSITY JURISDICTION UNDER 29 U.S.C. § 1332(a)**

11         25.     Diversity jurisdiction under 1332(a) is established where the matter in controversy

12   exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of

13   different states.

14                       **AMOUNT IN CONTROVERSY**

15         26.     Without conceding that Plaintiffs or the purported class are entitled to damages or

16   could recover damages in any amount whatsoever, the amount in controversy for Plaintiff Castro

17   in this action is more likely than not to exceed $75,000.

18         27.     Alleged missed meal periods.  Castro seeks one additional hour of pay for each

19   day of work during the Class Period on which Defendants allegedly failed to provide her a

20   required meal period under Cal. Labor Code § 226.7.  Compl., ¶¶ 40-50, p. 24:7-19.  Castro's

21   hourly wage at the time of her termination was $8.67.  Assuming for the purpose of this analysis

22   only that Castro failed to receive a required meal break on one day during each week worked and

23   that she worked 50 weeks per year for the entire four-year Class Period, then the amount in

24   controversy for this allegation is approximately $1,734 ($8.67 x 1 hour x 50 weeks x 4 years).

25         28.     Alleged missed rest periods.  Castro seeks one additional hour of pay for each day

26   of work during the Class Period on which Defendants allegedly failed to provide her a required

27   rest period under Cal. Labor Code § 226.7.  Compl., ¶¶ 51-60, p. 24:20-25:4.  Assuming for

28   purposes of this analysis only that Castro had a missed rest break on one day during each week

8

1    worked, then the amount in controversy for this allegation is also approximately $1,734 based on

2    the same calculation in the previous paragraph regarding alleged missed meal periods.

3        29.   Alleged unpaid overtime.   Castro seeks unpaid overtime wages for each day of

4    work during the Class Period on which Defendants allegedly failed to pay her overtime under

5    Cal. Labor Code §§ 510 and 1198.  Compl., ¶¶ 61-68, p. 25:5-15.  Assuming for purposes of this

6    analysis only that she worked one hour per week for which she did not receive overtime

7    compensation, then the amount in controversy for this allegation is approximately $2,705 ($8.67

8    x 1.5 x 1 hour x 52 weeks x 4 years).

9        30.   Alleged unpaid wages.   Castro seeks unpaid wages for each day of work during the

10   Class Period on which Defendants allegedly failed to pay her wages because of deductions for

11   meal periods which were not provided but for which the time was deducted from her time cards

12   as though the meal period was taken, and other time deductions and adjustments calculated to pay

13   less wages, under Cal. Labor Code §§ 1194 and 1198.  Compl., ¶¶ 69-71, p. 25:16-27.  Assuming

14   for purposes of this analysis only that Castro worked one hour per week for which she did not

15   receive compensation, then the amount in controversy for this allegation is approximately $1,803

16   ($8.67 x 1 hour x 52 weeks x 4 years).

17       31.   Alleged failure to provide accurate itemized wage statements.   Castro seeks

18   penalties for failure to keep and provide accurate records of hours worked under Cal. Labor Code

19   § 226(e).  Compl., ¶¶ 72-82, p. 25:28-26:11.  Assuming for purposes of this analysis only that

20   Castro if successful would be entitled to the maximum aggregate penalty of $4,000, then the

21   amount in controversy for this allegation is $4,000.

22       32.   Alleged waiting time penalties.   Castro seeks penalties for failure to pay wages due

23   promptly upon termination under Cal. Labor Code § 203.  Compl., ¶¶ 83-85, p. 26:12-22.

24   Assuming for purposes of this analysis only that Castro if successful would be entitled to the

25   maximum penalty of 30 days' wages, then the amount in controversy for this allegation is

26   approximately $2,080 ($8.67 x 8 hours x 30 days).

27       33.   Labor Code Private Attorneys General Act.   Castro has pled a representative claim

28   under the Labor Code Private Attorneys General Act ("PAGA") seeking penalties on behalf of all

9

1   Class Members for penalties under Cal. Labor Code §§ 203, 204, 210, 225.5, 226, 226.3, 558,

2   1199 and applicable Industrial Welfare Commission Wage Orders and the California Code of

3   Regulations. Compl., ¶¶ 107-09, p. 27:17-26. The penalties likely to be recovered on behalf of

4   the represented employees, after being reduced by 75% for the share that would go to the

5   California Labor and Workforce Development Agency ("LWDA"), may be aggregated to

6   establish the $75,000 amount in controversy requirement. *Thomas v. Aetna Health of California,*

7   *Inc.*, 2011 U.S. Dist. LEXIS 59377, *46-*58 (E.D. Cal. June 2, 2011). Here, assuming Castro if

8   successful would recover just one $100 penalty on behalf of every member of the Unpaid Wages

9   Worker Subclass, and that Castro and each Class Member would receive 25% of that amount or

10  $25, then the aggregate recoverable penalties would total approximately $221,625 ($25 x 8,865

11  Subclass Members).

12          34.     Attorney's fees. Castro also seeks an unspecified amount of attorney's fees

13  pursuant to statute. Compl. at 24:17-1825:2-3, 25:13-14, 25:25-26, 26:9-10, 26:21-22.

14  "Attorneys' fees may be included in the amount in controversy if recoverable by statute or

15  contract." *Simmons v. PCR Technology*, 209 F. Supp.2d 1029, 1034 (N.D. Cal. 2002) (citing *Galt*

16  *G/S v. JSS Scandinavia* 142 F.3d 1150, 1155-56 (9th Cir. 1998)). Castro alleges that attorney's

17  fees are recoverable by statute in this action. *Id.* It is more likely than not that the amount of

18  attorney's fees in controversy for Castro exceeds $75,000. Attorney's fees accrue until the action

19  is resolved for the purpose of the amount in controversy requirement. *Simmons*, 209 F. Supp.2d

20  at 1034. Attorney's fees are divided among all members of the class for the purpose of

21  calculating the amount in controversy for diversity jurisdiction. *Gibson v. Chrysler Corp.*, 261

22  F.3d 927, 942-43 (9th Cir. 2001). To establish probable recovery, a removing defendant may

23  introduce evidence of judgments in cases involving analogous facts. *Id.* at 1033. Attached as

24  Exhibit D is evidence of a class action settlement involving unpaid overtime and missed meal

25  breaks in this District in 2007, *Mousai v. E-Loan Inc.*, No. 3:06-cv-01993-SI. Attorney's fees

26  awarded in that action totaled $3,400,000 for 42 class members, for a prorated total of $80,952

27  per class member.

28

10

35.     Therefore, as set forth above, the amount in controversy for Castro is approximately $316,663.

36.     For the purpose of determining the amount in controversy requirement, the amount in controversy for the other named Plaintiff, Flores, is irrelevant, and this Court may exercise pendant jurisdiction over her claims. *Exxon Mobil Corp. v. Allapattah Services*, 545 U.S. 546, 551, 566-67 (2005).

37.     For the purpose of determining the amount in controversy requirement, the amount in controversy for the putative class members is irrelevant, and this Court may exercise pendant jurisdiction over the putative class members. *Exxon*, 545 U.S. at 549-50, 566-67.

## DIVERSITY OF CITIZENSHIP

38.     As noted above, Plaintiffs were at the time the action was commenced, and still are, citizens of the State of California.

39.     As noted above, Emeritus was at the time the action was commenced, and still is, a citizen of the State of Washington under 28 U.S.C. § 1332(c).

40.     Harden Ranch was at the time the action was commenced, and still is, a citizen of the States of Delaware and Washington under 28 U.S.C. § 1332(c), in that it was and is organized under the laws of the State of Delaware, its members are citizens of the States of Washington, New Hampshire, Texas and Wisconsin, and its principal place of business was and is the State of Washington, as Harden Ranch does not have separate executives but is part of Emeritus which is located in Washington.  Stansberry Dec, ¶ 10.

/

/

/

/

/

/

/

/

11

1    41.    Emeritus and Harden Ranch each consent to this Notice of Removal.  Stansberry

2  Dec, ¶ 11.

3                                    JACKSON LEWIS LLP

4

5  Dated: July 15, 2011            By: _____

6                                       JoAnna L. Brooks
                                         Mark S. Askanas
7                                        Dylan B. Carp
                                         David T. Wang
8                                        Attorneys for Defendants
                                         EMERITUS CORPORATION and
9                                        SUMMERVILLE AT HARDEN
                                         RANCH, LLC dba EMERITUS AT
10                                       HARDEN RANCH

11  4836-7868-1353, v.  3

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL TO FEDERAL COURT                                    Case No.

# EXHIBIT A

1  CHARLES SWANSTON (SBN: 181882)
2  FTIZPATRICK, SPINI & SWANSTON
   838 S. Main Street, Suite E
3  Salinas, CA 93901
   Telephone: (831) 755-1311
4  Facsimile: (831) 755-1319

5  Attorneys for Plaintiffs

6

7

8              **SUPERIOR COURT OF CALIFORNIA**

9                  **COUNTY OF MONTEREY**

10
   VANESSA CASTRO and VERONICA              CASE NO. M110966
11 FLORES,
                                            **FIRST AMENDED CLASS ACTION**
12              Plaintiffs,                 **COMPLAINT FOR DAMAGES AND**
                                            **FOR INJUNCTIVE RELIEF**
13 v.
                                            **DEMAND FOR JURY**
14 EMERITUS CORPORATION;
15 SUMMERVILLE AT HARDEN RANCH, LLC
   doing business as EMERITUS AT HARDEN
16 RANCH; and DOES 1 through 50, inclusive,
17              Defendants.
18

19     COMES NOW Plaintiffs, VANESSA CASTRO and VERONICA FLORES, who on behalf

20 of themselves and all other similarly situated employees, complain and allege as follows:

21     1.     As used herein, the term "Plaintiffs" includes VANESSA CASTRO and

22 VERONICA FLORES, both individually and as Plaintiff Class Representatives.

23     2.     The Plaintiffs and the members of each subclass alleged herein (collectively,

24 "Class Members") seek compensation for all compensation and penalties due to the Class

25 Members during the "Class Period," which is defined as the period of time beginning four (4) years

26 before the commencement of this action through the date on which each class or subclass herein is

27 confirmed, based upon information and belief that Defendants are continuing and will continue the

28

                                          1

*(stamp, right side):*

FILED

JUN 14 2011

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
                                    DEPUTY
'J. CEDILLO

1    unlawful employment practices as described herein.

2         3.    Each of the Class Members are identifiable, similarly situated persons and

3    were employed by Defendants as employees during the Class Period.  Plaintiffs reserve the right to

4    seek additional amendments of this Complaint to add as named Plaintiffs some or all of the persons

5    who are members of the Plaintiff Class.

6         4.    Plaintiff VANESSA CASTRO ("CASTRO") is a competent adult female and at all

7    times relevant herein was an employee of the Defendants.  From approximately March 2007, to

8    October 2010, Plaintiff CASTRO was employed by Defendants pursuant to an unwritten contract,

9    some of the terms of which were the product of an oral agreement, with other terms implied from

10   or incorporated from written materials and policies maintained by Defendants and from the

11   conduct of the parties.  The terms of this contract included but were not limited to, that Plaintiff

12   CASTRO would perform services for an hourly wage as a resident assistant, among other duties,

13   and at all times as a employee not exempted from the California Labor Code.  Plaintiff CASTRO

14   is and at all relevant times was an individual as defined in Business and Professions Code §§

15   17201 and 17204.

16        5.    Plaintiff VERONICA FLORES ("FLORES") is a competent adult female and at all

17   times relevant herein was an employee of the Defendants.  From approximately July 22, 2009, to

18   October 2010, Plaintiff FLORES was employed pursuant to an unwritten contract with

19   Defendants, some of the terms of which were the product of an oral agreement, with other terms

20   implied from or incorporated from written materials and policies maintained by Defendants and

21   from the conduct of the parties. The terms of this contract included but were not limited to, that

22   Plaintiff FLORES would perform services for an hourly wage as a resident assistant, among other

23   duties, and at all times as an employee not exempted from the California Labor Code.  Plaintiff

24   FLORES is and at all relevant times was an individual as defined in Business and Professions

25   Code §§ 17201 and 17204.

26        6.    Defendant EMERITUS CORPORATION ("EMERITUS") is and at all times herein

27   was a corporation organized and existing under the laws of the State of Washington, conducting

28   business throughout the State of California and was the employer of the Plaintiffs and the Class

                                        2

1    Members.  Defendant EMERITUS has expressly consented to jurisdiction in California, and

2    Plaintiffs and the Class Members are informed and believe and thereon allege that Defendant

3    EMERITUS has purposefully availed itself of the privileges and benefits of doing business in the

4    County of Monterey, State of California, and thus is subject to jurisdiction in the County of

5    Monterey, State of California.

6            7.       Defendant SUMMERVILLE AT HARDEN RANCH, LLC, doing business as

7    EMERITUS AT HARDEN RANCH ("SUMMERVILLE") is and at all times herein was a limited

8    liability company organized and existing under the laws of the State of Delaware, conducting

9    business throughout the State of California and was the employer of the Plaintiffs and the Class

10   Members.  Defendant SUMMERVILLE has expressly consented to jurisdiction in California, and

11   Plaintiffs and the Class Members are informed and believe and thereon allege that Defendant

12   SUMMERVILLE has purposefully availed itself of the privileges and benefits of doing business in

13   the County of Monterey, State of California, and thus is subject to jurisdiction in the County of

14   Monterey, State of California.

15           8.       Plaintiffs are ignorant of the true names, identities, capacities and relationships of

16   the Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue these Defendants

17   by such fictitious names.  Plaintiffs are informed and believe and thereon allege that each of these

18   fictitiously named Defendants is responsible in some manner for the occurrences herein alleged,

19   and that Plaintiffs' damages as herein alleged were proximately caused by DOES 1 through 50.

20   Plaintiffs will amend this Complaint to allege the true names and capacities of the DOE

21   Defendants when such information is ascertained.  Each reference to "Defendants" herein shall be

22   construed to refer to all Defendants referenced in this Complaint, including each of those

23   specifically named and each of those fictitiously named as a "DOE" Defendant under this

24   paragraph, and each reference to any particular Defendant shall be construed to refer to each

25   fictional named Defendant, as well.

26           9.       Plaintiffs are informed and believe, and thereon allege, that each of the

27   Defendants herein were at all times relevant to this action the agent, employee, representative

28   partner, and/or joint venturer of the remaining Defendants, and each of them, and that each of the

                                                   3

1    Defendants herein were at all times acting within the course and scope of that relationship.
2    Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein
3    consented to, ratified, and/or authorized the acts of each of the remaining Defendants herein. The
4    conduct of each of the Defendants was at all times herein in accordance with and represents the
5    official policy of Defendants. At all times herein mentioned, Defendants, and each of them, acted
6    as the agent for one another, with legal authority to act on the other's behalf. Additionally, at all
7    times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of
8    each and all the other Defendants which proximately caused the damages herein alleged.

9         10.    Defendants EMERITUS, SUMMERVILLE, and including but not limited to DOES
10   1 through 50 ("Defendants"), are "persons" as defined in California Business and Professions
11   Code § 17201.

12        11.    At all times relevant, Defendants, and each of them, have directly or indirectly or
13   through an agent or representative exercised control over the wages, hours and/or working
14   conditions of Plaintiffs and the Class Members. At all times herein mentioned, Defendants, and
15   each of them, acted as the agent for one another, with legal authority to act on the other's behalf.
16   Additionally, at all times herein mentioned, Defendants, and each of them, aided and abetted the
17   acts and omissions of each and all the other Defendants which proximately caused the damages
18   herein alleged.

19        12.    At all times relevant, Defendants, and each of them, directly or indirectly or through
20   an agent or other person engaged, suffered, or permitted Plaintiffs and the Class Members to work.

21                           **JURISDICTION AND VENUE**

22        13.    Plaintiffs bring this Complaint for violations of California law occurring in the
23   County of Monterey, including and without limitation violations of the California Labor Code,
24   Business and Professions Code, Civil Code and common law, and the amount in controversy
25   exceeds the minimum jurisdictional amount of the Superior Court. Accordingly, this Court has
26   jurisdiction over the claims in this matter.

27        14.    Pursuant to Code of Civil Procedure § 395(a), venue is proper in this judicial
28   district because Defendants EMERITUS and SUMMERVILLE each transact business in the

4

1  County of Monterey and employed Plaintiffs and continue to employ other similarly situated

2  employees in the County of Monterey.  The conduct alleged herein and the damages resulting

3  therefrom occurred primarily in the County of Monterey and Plaintiffs are informed and believe

4  and thereon allege that Defendants each maintain their principal place of business in the County of

5  Monterey, State of California.

6  <center>**GENERAL ALLEGATIONS**</center>

7      15.    At all times relevant, each of the Defendants directly or indirectly exercised control

8  over the wages, hours, or working conditions of Plaintiffs and the Class Members and, on

9  information and belief, other current and former employees throughout the State of California.

10      16.    Plaintiffs are informed and believe, and thereon allege, that at all times herein

11  mentioned, Defendants were advised by skilled lawyers and other professionals, employees and

12  advisors knowledgeable about California labor and wage law, employment and personnel practices,

13  and about the requirements of California law.

14      17.    Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and the Class

15  Members were entitled to receive all meal periods or payment of one additional hour of pay at

16  Plaintiffs and each Class Member's regular rate of pay when they did not receive a timely

17  uninterrupted meal period.

18      18.    Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and the Class

19  Members were entitled to receive all rest periods or payment of one additional hour of pay at

20  Plaintiffs and each Class Member's regular rate of pay when they did not receive a timely

21  uninterrupted rest period.

22      19.    Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and the Class

23  Members were entitled to receive complete and accurate wage statements in accordance with

24  California law.

25      20.    Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and the Class

26  Members were required to attend work related/training meetings on their day off and were entitled

27  to receive reporting time pay for attending such meetings.

28      21.    Plaintiffs are informed and believe, and thereon allege, that at various times during

<center>5</center>

*Castro v. Emeritus*
Case No. M110966

First Amended Class Action Complaint for Damages
and for Injunctive Relief

1  the Class Period, Defendants required Plaintiffs and the Class Members to report to work for one

2  or more work related and/or training meetings on either (i) days there were not otherwise scheduled

3  to work, or (ii) on days they had already reported to work or were about to report to work.

4      22.   During the Class Period, Defendants failed to compensate Plaintiffs and the Class

5  Members either (i) at half the employee's usual or scheduled day's work, but in no event for less

6  than two hours and no more than four hours the employee's regular rate of pay if it is the

7  employee's day off; or (ii) if the employee was required to report for work a second time in any

8  one workday, then the employee is entitled to two hours at the employee's regular rate of pay if

9  less than two hours of work is furnished.

10     23.   Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and the Class

11  Members who did not reside at their place of employment, were required to work split shifts, and

12  were entitled to receive split shift premiums.

13     24.   Plaintiffs are informed and believe, and thereon allege, that at various times during

14  the Class Period, Defendants practice of scheduling Plaintiffs and the Class Members so that they

15  worked two separate scheduled shifts in one day and, refusing to compensate Plaintiffs and the

16  Class Members for working a split shift, was carried out pursuant to a policy created and

17  maintained by Defendants and implemented informally and uniformly in all of the facilities

18  operated by Defendants.

19     25.   During the Class Period, Defendants failed to compensate Plaintiffs and the Class

20  Members who did not reside at their place of employment, one hour's pay at the minimum wage,

21  in addition to the wages for that workday

22     26.   Plaintiffs are informed and believe, and thereon allege, that at all times herein

23  mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiffs

24  and the Class Members, and that Defendants had the financial ability to pay such compensation,

25  but willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiffs and

26  to the Class Members that they were properly denied wages, all in order to increase Defendants'

27  profits.

28     27.   During the Class Period, Plaintiffs and the Class Members were not provided all

6

1   wages in full and were not provided lawful meal and rest periods as required by the applicable

2   Wage Order and Labor Code §§ 226.7, 512, 1194 and 1198.

3       28.     During the Class Period, Plaintiffs and the Class Members performed duties and

4   obligations under the employment agreements with Defendants as referenced above, Plaintiffs had

5   fulfilled all of the duties and conditions under such agreements, which was known to each of the

6   Defendants.

7       29.     California Labor Code § 218 states that nothing in Article I of the Labor Code shall

8   limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him under

9   this Article."

10      30.     Pursuant to Labor Code § 2699.3, Plaintiffs gave written notice by certified mail to

11  each Defendant and to the Labor and Workforce Development Agency of the factual and legal

12  basis for the labor law violations alleged in this Complaint.

13      31.     Pursuant to Labor Code §2699.3, Plaintiffs seek all applicable penalties for

14  violations which the Labor and Workforce Development Agency has failed to investigate and/or

15  failed to issue a citation.

16                              **CLASS ACTION ALLEGATIONS**

17      32.     Plaintiffs CASTRO and FLORES bring this action on behalf of themselves and all

18  other similarly situated persons as a class action pursuant to Code of Civil Procedure § 382. All

19  claims alleged herein arise under California law for which Plaintiffs seek relief authorized by

20  California law. Plaintiffs seek to represent subclasses composed of and defined as follows:

21      A.      Unpaid Wages Worker Subclass:

22              All current and former employees of Defendants who were paid an hourly wage and

23              who worked for Defendants in California during the Class Period.

24      B.      Non-Compliant Wage Statement Subclass:

25              All current and former employees of Defendants who worked in California and

26              received a wage statement during the Class Period.

27      C.      Unpaid Wages Former Employees Subclass:

28              All employees of Defendants who were paid an hourly wage, who worked for

7

1    Defendants in California and whose employment with Defendants was voluntarily

2    or involuntarily terminated during the Class Period.

3    D.    Unpaid Reporting Time Subclass:

4    All current and former employees of Defendants who, at any time during the Class

5    Period, were required to report for one or more work-related meetings and/or

6    training meetings on days that they were not otherwise scheduled or required to

7    work, but who received pay for attending any such meetings that was either (i) less

8    than the pay they would have received for half of their usual or scheduled day's

9    work calculated at their regular rate of pay or (ii) less than the pay they would have

10   received for two (2) hours calculated at their regular rate of pay.

11   E.    Unpaid Split Shift Subclass:

12   All current and former employees of Defendants who did not reside at their place of

13   employment and who, at any time during the Class Period, worked a schedule on at

14   least one day which was interrupted by a non-paid non-working period established

15   by the employer (other than a bona fide rest or meal period) and who were not

16   compensated for having been scheduled in such a manner by being provided one

17   hour's pay at the minimum wage in addition to their wage for that workday.

18   33.   Plaintiffs reserve the right under Code of Civil Procedure § 382 to amend or modify

19   the class descriptions with greater specificity, further division into subclasses or with limitations to

20   particular issues.

21   34.   This action has been brought and may be properly maintained as a class action

22   under the provisions of Code of Civil Procedure § 382 because there is a well-defined community

23   of interest in the litigation and the proposed subclasses are easily ascertainable.

24   A.    Numerosity

25   35.   Class Members are so numerous that joinder of all the members of the class is

26   impracticable. While the precise number of members of each subclass has not been determined at

27   this time, Plaintiffs are informed and believe that Defendants currently employ, and during the

28   relevant time periods regularly employed, more than 200 employees in California in hourly wage

8

or otherwise non-exempt positions.  The identities of the members of each subclass are readily

ascertainable by inspection of Defendants' employment records.  Moreover, joinder of all

members of the proposed subclasses is not practicable and individual damages for each member is

not anticipated to be sufficiently high to allow for practical resolution through individualized

litigation.

**B.     Commonality**

36.     There are questions of law and fact common to each subclass that predominates

over any questions affecting only individual Class Members of each subclass.  These common

questions of law and fact include, without limitation:

a.     Whether Defendants violated California labor laws, including but not

limited to, Labor Code § 226.7, Labor Code § 512, Industrial Welfare Commission

Wage Order No. 5-2001, and California Code of Regulations, Title 8, § 11050, by

requiring Plaintiffs and the Class Members to work during unpaid meal periods;

b.     Whether Defendants violated California Labor Code §§ 226.7 and 512,

Industrial Welfare Commission Wage Order No. 5-2001, and California Code of

Regulations, Title 8, § 11050, by failing to provide a thirty (30) minute duty-free

meal period within the first five (5) hours of a workday to Plaintiffs and the Class

Members of each subclass on days they worked in excess of five (5) hours and

failing to compensate Plaintiffs and the Class Members of each subclass one (1)

hour of wages for missed meal periods;

c.     Whether Defendants violated Labor Code § 226.7, Industrial Welfare

Commission Wage Order No. 5-2001, and California Code of Regulations, Title 8,

§ 11050, by failing to provide ten (10) minute duty-free rest periods to Plaintiffs

and the Class Members for every four (4) hour work period and failing to

compensate Plaintiffs and the Class Members one (1) hour of wages for missed rest

periods;

d.     Whether Defendants violated Labor Code § 510, Industrial Welfare

Commission Wage Order No. 5-2001, and California Code of Regulations, Title 8,

9

§11050, by failing to pay time and one-half to Plaintiffs and the Class Members' regular hourly rates for hours worked in excess of eight hours in a workday or in excess of forty hours in any workweek or for the first eight hours worked on the seventh day of work in any one workweek;

e. Whether Defendants violated the Labor Code and Industrial Welfare Commission Wage Order No. 5-2001, by requiring Plaintiffs and the Class Members to attend a meeting on their day off without paying reporting time pay and/or requiring Plaintiffs and the Class Members to report to work twice a day and/or attend a meeting after or before a scheduled shift without paying the employees the appropriate split-shift premium.

f. Whether Defendants violated Labor Code §§ 201 and 202 by failing to pay Plaintiffs and the Class Members for all wages and hours worked upon termination;

g. Whether Defendants violated California Labor Code § 226 by failing to provide accurate itemized wage statements to Plaintiffs and the Class Members of each subclass;

h. Whether Defendants' failure to pay wages in accordance with the California Labor Code was willful or reckless;

i. The appropriate amount of damages, restitution or monetary penalties resulting from Defendants' violations of California law;

j. Whether Plaintiffs and the Class Members of each subclass are entitled to equitable relief pursuant to Business and Professions Code § 17200 et seq.; and

k. Whether Defendants violated Business and Professions Code § 17200 et seq., by failing to pay all wages and all hours worked to Plaintiffs and the Class Members, by failing to provide meal and rest periods mandated by Labor Code § 226.7 and the applicable wage order to Plaintiffs and the Class Members, by failing to compensate Plaintiffs and the Class Members one (1) hour of pay for meal periods and rest periods that were not provided, by failing to provide accurate wage statements to Plaintiffs and the Class Members, by failing to pay Plaintiffs and the

10

1        Class Members all wages and hours worked upon termination, and by failing to

2        timely pay all wages due to Plaintiffs and the Class Members.

3  **C.**    **Typicality**

4        37.    The claims of Plaintiffs CASTRO and FLORES are typical of the claims of the

5 members of the subclasses identified above. Plaintiffs CASTRO and FLORES and all members of

6 the subclasses identified above sustained injuries and damages arising out of and caused by the

7 Defendants' common course of conduct in violation of statues, common law, wage orders and/or

8 regulations that have the force and effect of law as alleged herein.

9        38.    The claims of Plaintiffs CASTRO and FLORES are typical of the claims of the

10 Class Members of each subclass. Plaintiffs and all Class Members of each subclass sustained

11 injuries and damages arising out of and caused by the Defendants' common course of conduct in

12 violation of statutes, common law, wage orders and/or regulations that have the force and effect of

13 law, as alleged herein.

14  **D.**    **Adequacy of Representation**

15        39.    Plaintiffs will fairly and adequately represent and protect the interests of the

16 members of each subclass. Counsel who represents Plaintiffs are competent and experienced in

17 litigating large employment class actions.

18                      **FIRST CAUSE OF ACTION**

19      **Violation of California Labor Code §§ 226.7 and 512(a) – Meal Periods**
     **(Plaintiffs and the Unpaid Wages Worker Subclass against all Defendants)**

20        40.    Plaintiffs and the Unpaid Wages Worker Subclass members hereby incorporate each

21 of the preceding paragraphs of this Complaint as if fully alleged herein.

22        41.    At all times herein, IWC Wage Order No. 5-2001 §§ 11(A) and 11(B) and Labor

23 Code §§ 226.7, 512(a) and 558 were applicable to the employment relationship between Plaintiffs

24 and the Unpaid Wages Worker Subclass members, on the one hand, and Defendants, on the other

25 hand.

26        42.    California Labor Code § 226.7 provides that no employer shall require an employee

27 to work during any meal period mandated by an applicable order of the Industrial Welfare

28 Commission.

*Castro v. Emeritus*
Case No. M110966

First Amended Class Action Complaint for Damages
and for Injunctive Relief

43.     At all times herein, IWC Wage Order No. 5-2001 and California Labor Code § 512(a) provided that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

44.     During the Class Period, Plaintiffs and the Unpaid Wages Worker Subclass members who were scheduled to work for a period of time of at least six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

45.     During the Class Period, Plaintiffs and the Unpaid Wages Worker Subclass members were required to work for a period of time of more than five (5) hours but less than six (6) hours without an uninterrupted meal period of not less than thirty (30) minutes, and Plaintiffs and the members of the subclass did not agree to waive any such meal period.

46.     During the Class Period, Defendants willfully required Plaintiffs and the Unpaid Wages Worker Subclass members to work during meal periods, as alleged above, and failed to compensate Plaintiffs and members of the subclass for work performed during meal periods.

47.     During the Class Period, Defendants failed to pay Plaintiffs and members of the subclass the full meal period premium due pursuant to California Labor Code § 226.7 for any of the legally mandated meal periods Defendants failed to provide.

48.     Defendants' conduct as alleged above, violated IWC Wage Order No. 5-2001 and California Labor Code §§ 226.7 and 512(a).

49.     Pursuant to IWC Wage Order No. 5-2001 and California Labor Code § 226.7(b), Plaintiffs and the Unpaid Wages Worker Subclass members are entitled to recover from Defendants one (1) additional hour of pay at their regular hourly rate of compensation for each meal period violation.

50.     WHEREFORE, Plaintiffs and the Unpaid Wages Worker Subclass members request

12

1   relief as hereinafter prayed for.

2                    **SECOND CAUSE OF ACTION**
            Violation of California Labor Code § 226.7 – Rest Periods
3   **(Plaintiffs and the Unpaid Wages Worker Subclass against all Defendants)**

4          51.    Plaintiffs and the Unpaid Wages Worker Subclass members hereby incorporate each

5   of the preceding paragraphs of this Complaint as if fully alleged herein.

6          52.    At all relevant times, IWC Wage Order No. 5-2001 §§ 12(A) and 12 (B) and

7   California Labor Code § 226.7 were applicable to the employment relationship between Plaintiffs

8   and the Unpaid Wages Worker Subclass members, on one hand, and Defendants, on the other

9   hand.

10         53.    At all relevant times, California Labor Code § 226.7 provided that no employer

11  shall require an employee to work during any rest period mandated by an applicable order of the

12  California Industrial Welfare Commission.

13         54.    At all relevant times, IWC Wage Order No. 5-2001 and California Labor Code

14  § 226.7 provided that every employer shall authorize and permit all employees to take rest periods,

15  which insofar as practicable shall be in the middle of each work period and that the rest period time

16  shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four

17  (4) hours or major fraction thereof unless the total daily work time is less than three and one-half

18  hours.

19         55.    During the Class Period, Defendants required Plaintiffs and the Unpaid Wages

20  Worker Subclass members to work four (4) or more hours without authorizing or permitting a ten

21  (10) minute rest period per each four (4) hour period worked.

22         56.    During the Class Period, Defendants willfully required Plaintiffs and the Unpaid

23  Wages Worker Subclass members to work during rest periods and failed to compensate Plaintiffs

24  and the Unpaid Wages Worker Subclass members for work performed during rest periods.

25         57.    During the Class Period, Defendants failed to pay Plaintiffs and the Unpaid Wages

26  Worker Subclass members the full rest period premium due pursuant to California Labor Code §

27  226.7.

28         58.    Defendants' conduct violates IWC Wage Order No. 5-2001 and California Labor

                                                13

1    Code § 226.7.

2         59.    Pursuant to IWC Wage Order No. 5-2001 and California Labor Code § 226.7(b),

3    Plaintiffs and the Unpaid Wages Worker Subclass members are entitled to recover from

4    Defendants one (1) additional hour of pay at their regular hourly rate of compensation for each

5    workday that a rest period was not provided.

6         60.    WHEREFORE, Plaintiffs and the Unpaid Wages Worker Subclass members

7    request relief as hereinafter prayed for.

8                              **THIRD CAUSE OF ACTION**
                          **Failure to Pay Hourly and Overtime Wages**
9                          **Violation of Labor Code §§ 510 and 1194**
                   **(Plaintiffs and the Unpaid Wages Worker Subclass against all Defendants)**
10

11        61.    Plaintiffs and the Unpaid Wages Worker Subclass members hereby incorporate each

12   of the preceding paragraphs of this Complaint as if fully alleged herein.

13        62.    During the Class Period, Plaintiffs and the Unpaid Wages Worker Subclass

14   members were employed by Defendants and performed work for said Defendants in a non-exempt

15   capacity and, as such, their wages, terms of payment of wages and overtime rates were governed

16   by the California Labor Code, the California Industrial Welfare Commission Wage Orders and the

17   California Code of Regulations.

18        63.    During the Class Period, Plaintiffs and the Unpaid Wages Worker Subclass

19   members' non-exempt duties required them to regularly work more than eight (8) hours per day

20   and more than forty (40) hours per week.  Defendants were fully aware of both the hours worked

21   and the duties assigned to Plaintiffs and the Unpaid Wages Worker Subclass members.  Plaintiffs

22   and the Unpaid Wages Worker Subclass members were entitled to the payment of overtime

23   compensation for these overtime hours worked.

24        64.    During the Class Period, each Defendant failed to pay Plaintiffs and the Unpaid

25   Wages Worker Subclass members their contractual wages for all hours worked during the course

26   of the work week, as well as premium overtime wages for all hours worked in excess of eight (8)

27   in a day and/or forty (40) in a week, as required by IWC Wage Order No. 5-2001 and Labor Code

28   §§ 510, 1194 and 1198.

                                        14

65.     Defendants were aware of the existence and requirements of the wage and overtime provisions of the California Labor Code, the California Industrial Welfare Commission Wage Orders and the California Code of Regulations, and intentionally failed to pay Plaintiffs and the Unpaid Wages Worker Subclass members the regular and/or overtime compensation.

66.     As a direct and proximate result of Defendants' failure to pay proper wages under the Labor Code, Plaintiffs and the Unpaid Wages Worker Subclass members are entitled to recover interest and penalties pursuant to Labor Code §§ 218.6 and 558.

67.     Plaintiffs and the Unpaid Wages Worker Subclass members were required to retain attorneys to bring this action and are entitled to an award of reasonable attorneys' fees pursuant to Labor Code §§ 218.5 and 1194.

68.     WHEREFORE, Plaintiffs and the Unpaid Wages Worker Subclass members request relief as hereinafter prayed for.

## FOURTH CAUSE OF ACTION
### Compensation for Unpaid Wages
**(Plaintiffs and the Unpaid Wages Worker Subclass against all Defendants)**

69.     Plaintiffs and the Unpaid Wages Worker Subclass members hereby incorporate the preceding paragraphs of this Complaint as if fully alleged herein.

70.     Plaintiffs and the Unpaid Wages Worker Subclass members are owed wages for work performed during the Class Period for which they were deprived of compensation through the means of unauthorized time card deductions, including but not limited to deductions for meal periods which were not provided, but for which the time was deducted from their time cards as though the meal period was taken, and other time deductions and adjustments calculated to pay less wages, in violation of IWC Wage Order No. 5-2001 and Labor Code §§ 1194 and 1198.

71.     WHEREFORE, Plaintiffs and the Unpaid Wages Worker Subclass members request relief as hereinafter prayed for.

## FIFTH CAUSE OF ACTION
### Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions
### (California Labor Code §§ 226(e), 1174, 1175)
**(Plaintiffs and the Non-Compliant Wage Statement Subclass against all Defendants)**

15

72.   Plaintiffs and the Non-Compliant Wage Statement Subclass members hereby incorporate the preceding paragraphs of this Complaint as if fully alleged herein.

73.   California Labor Code § 226(a) and IWC Wage Order No. 5-2001 requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiffs and the Non-Compliant Wage Statement Subclass members and keep the records on file at the place of employment or at a central location within the State of California. Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) and IWC Wage Order No. 5-2001 with respect to wage statements they have provided to Plaintiffs and Non-Compliant Wage Statement Subclass members.

74.   California Labor Code § 1174 and IWC Wage Order No. 5-2001 requires Defendants to maintain and preserve, at the place of employment or at a central location within the State of California, among other items, accurate records showing the names and addresses of all employees employed, payroll records accurately showing the hours worked daily and the wages paid to its employees. Defendants have knowingly and intentionally failed to comply with these requirements in violation of Labor Code §§ 1174 and 1175 and IWC Wage Order No. 5-2001.

75.   Labor Code § 226(a) and IWC Wage Order No. 5-2001 provides that every employer shall, semimonthly or at the time of each payment of wages, furnish each of its employees an accurate itemized statement in writing showing gross wages earned, total hours worked by the employee, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and the employee's social security number (or an employee identification number), the name and address of the legal entity that is the employer and all applicable hourly rates in effect during the pay period and the corresponding numbers of hours worked at each hourly rate by the employee. Labor Code § 226(a) mandates that deductions made from payments of wages shall be recorded in ink, properly dated and a copy of the statement or a record of deductions to kept on file by the employer for at least three years. Moreover, IWC Wage Order No. 5-2001 requires Defendants to maintain time records for each employee showing, including but not limited to, when the employee begins and ends each work period, meal periods, split shifts intervals and total daily hours worked in itemized wage

16

1  statements, and must show all deductions from payment of wages, and accurately report total hours

2  worked by Plaintiffs and the Non-Compliant Wage Statement Subclass members.

3      76.    Defendants have intentionally and willfully failed to provide Plaintiffs and the Non-

4  Compliant Wage Statement Subclass members with complete and accurate wage statements. The

5  deficiencies include, among other things, the failure to include the total number of hours worked by

6  Plaintiffs and the Non-Compliant Wage Statement Subclass members alleged herein, the failure to

7  list all applicable hourly rates, the failure to include the inclusive dates for the period worked by

8  Plaintiffs and the Non-Compliant Wage Statement Subclass members alleged herein, and the

9  failure to accurately report the gross and net earnings of the Plaintiffs and the Non-Compliant

10  Wage Statement Subclass members.

11      77.    As a result of Defendants' violation of California Labor Code §§ 226(a), 1174 and

12  1175, as well as IWC Wage Order No.5-2001, Plaintiffs and the Non-Compliant Wage Statement

13  Subclass members have suffered injury and damage to their statutorily-protected rights. These

14  injuries and damage include, but are not limited to, the denial of their legal right to receive and

15  their protected interest in receiving accurate, itemized wage statements under California Labor

16  Code § 226(a). Moreover, the inaccurate and incomplete wage statements provided by Defendants

17  deceived Plaintiffs and the Non-Compliant Wage Statement Subclass members about the wages

18  and other compensation to which they were entitled and deprived them of such wages and

19  compensation.

20      78.    Plaintiffs and the Non-Compliant Wage Statement Subclass members are entitled to

21  recover from Defendants the  greater of their actual damages caused by Defendants' failure to

22  comply with California Labor Code § 226(a), or an aggregate penalty not exceeding $4,000.00 per

23  employee.

24      79.    Plaintiffs and the Non-Compliant Wage Statement Subclass members are also

25  entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor

26  Code § 226(g).

27      80.    Pursuant to California Labor Code § 226(e), each employee suffering injury as a

28  result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) is

<div align="center">17</div>

1    entitled to recover the greater of all actual damages or $50.00 for the initial pay period in which a

2    violation occurs and $100.00 per employee for each violation in a subsequent pay period, not

3    exceeding an aggregate penalty of $4,000.00, and is entitled to an award of costs and reasonable

4    attorneys' fees.  Moreover, an employee is entitled under the Labor Code § 226(g) to injunctive

5    relief to ensure compliance with Labor Code § 226 and is entitled to an award of costs and

6    reasonable attorneys' fees.

7         81.     Pursuant to California Labor Code § 2699(f) and (g), Plaintiffs and the Non-

8    Compliant Wage Statement Subclass members, as well as all aggrieved employees, are entitled to

9    recover civil penalties in the amount of $100.00 for each aggrieved employee per pay period for the

10   initial violation and $200.00 for each aggrieved employee per pay period for each subsequent

11   violation, plus costs and attorneys' fees, for violations of Labor Code § 226.

12        82.     WHEREFORE, Plaintiffs and the Non-Compliant Wage Statement Subclass

13   members request relief as hereinafter prayed for.

14   ### SIXTH CAUSE OF ACTION
     **California Labor Code § 2699 Penalties**

15   **(Plaintiffs and the Unpaid Wages Former Employees Subclass against all Defendants)**

16        83.     Plaintiffs and the Unpaid Wages Former Employees Subclass hereby incorporate

17   each of the preceding paragraphs of this Complaint as if fully alleged herein.

18        84.     Plaintiffs and the Unpaid Wages Former Employees Subclass, whose employment

19   with the Defendants ended, were entitled to be promptly paid compensation by the Defendants as

20   required by Labor Code §§ 201 and 202.  Plaintiffs and the members of said subclass were not

21   fully paid all wages due to them within the time required by Labor Code §§ 201 and 202.

22   Accordingly, Plaintiffs and the members of said subclass seek the payment of Labor Code § 203

23   penalties, in an amount according to proof.

24        85.     WHEREFORE, Plaintiffs and the Unpaid Wages Former Employees Subclass

25   request relief as hereinafter prayed for.

26   ### SEVENTH CAUSE OF ACTION
     **Failure to Pay Wages Timely in**

27   **Violation of Labor Code § 204(b)**

28   **(Plaintiffs and all Class Members against all Defendants)**

18

86.     Plaintiffs and the Class Members hereby incorporate each of the preceding paragraphs of this Complaint as if fully alleged herein.

87.     As alleged above, Defendants have violated California Labor Code § 510 and the relevant orders of the Industrial Welfare Commission by failing to pay Plaintiffs and the Class Members: (a) time and one-half their regular hourly rates for hours worked in excess of eight hours in a workday or in excess of forty hours in any workweek or for the first eight hours worked on the seventh day of work in any one workweek.

88.     As alleged above, Defendants have failed to provide Plaintiffs and the Class Members with all rest periods and meal periods require by law, and have failed to provide Plaintiffs and the Class Members an hour pay for each day that they were denied a mandatory rest period and an hour pay for each day they were denied a mandatory meal period.

89.     Defendants' failure to pay wages, compensation for missed meal and rest periods and overtime compensation in a timely fashion also constitutes a violation of California Labor Code § 204(b).

90.     Defendants' violations of California Labor Code §§ 201, 202, 204, and 510 and the relevant orders of the Industrial Welfare Commission were repeated, willful and intentional.

91.     Plaintiffs and the Class Members have been damaged by said violations of California Labor Code §§ 201, 202, 204, and 510 and the relevant orders of the Industrial Welfare Commission.

92.     In addition to compensation for overtime wages not paid, compensation for missed meal and rest periods and compensation for hours worked without pay, Defendants are also liable to Plaintiffs and the Class Members for statutory penalties pursuant to Labor Code §§ 203 and 210 for their violations of Labor Code §§ 201, 202, and 204, respectively.

93.     WHEREFORE, Plaintiffs and the Class Members request relief as hereinafter prayed for.

### EIGHTH CAUSE OF ACTION
Failure to Pay Reporting Time Pay
(Labor Code § 218; IWC Wage Order No. 5-2001; 8 CCR § 11050)
(Plaintiffs and all Class Members against all Defendants)

19

94. Plaintiffs and all Class Members hereby incorporate each of the proceedings paragraphs of this Complaint as if fully alleged herein.

95. At all times herein set forth, California Labor Code § 218 authorizes employees to sue directly for any wages or penalties due to them under the Labor Code.

96. At all times herein set forth, Wage Order No. 5-2001, requires employers to pay reporting time to qualifying employees who attend mandatory work related meetings and/or training meetings.

97. Plaintiffs and all Class Members were entitled to be compensated for attending such meetings either (i) at half the employee's usual or scheduled day's work, but in no event for less than two hours and no more than four hours the employee's regular rate of pay if it is the employee's day off; or (ii) if the employee was required to report for work a second time in any one workday, then the employee is entitled to two hours at the employee's regular rate of pay if less than two hours of work is furnished.

98. At all times relevant herein, without paying the minimum reporting time pay, Defendants required Plaintiffs and all Class Members to attend mandatory work related and/or training meetings on their day off or at a time outside of their normal work schedule

99. As alleged above, Defendants refused to pay reporting time to qualifying employees, which violated Wage Order No. 5-2001 and the Labor Code.

100. WHEREFORE, Plaintiffs and all Class Members request relief as hereinafter prayed for.

### NINTH CAUSE OF ACTION
**Failure to Pay Split Shift Premiums**
**(Labor Code § 218; IWC Wage Order No. 5-2001; 8 CCR § 11050)**
**(Plaintiffs and all Class Members against all Defendants)**

101 Plaintiffs and all Class Members hereby incorporate each of the proceedings paragraphs of this Complaint as if fully alleged herein.

102. At all times herein set forth, California Labor Code § 218 authorizes employees to sue directly for any wages or penalties due to them under the Labor Code.

103. At all times herein set forth, Wage Order No. 5-2001, requires employers to pay

20

First Amended Class Action Complaint for Damages
and for Injunctive Relief

1  split shift premiums, or one hour's pay at the minimum wage, in addition to the wages for that

2  workday, to qualifying employees who work a split shift, and who do not reside at their place of

3  employment.

4       104.  At all times relevant herein, Defendants required Plaintiffs and all Class Members

5  to work split shifts, who did not reside at their place of employment, and to do so without

6  compensating them for working split shifts.

7       105.  As alleged above, Defendants refused to pay qualifying employees split shift

8  premiums, which violated Wage Order No. 5-2001 and the Labor Code.

9       106.  WHEREFORE, Plaintiffs and all Class Members request relief as hereinafter

10  prayed for.

11                    **TENTH CAUSE OF ACTION**

    **Labor Code Private Attorneys General Act of 2004, Labor Code § 2698 et seq.**

12        **(Plaintiffs and all Class Members against all Defendants)**

13       107.  Plaintiffs and all Class Members hereby incorporate each of the preceding

14  paragraphs of this Complaint as if fully alleged herein.

15       108.  The policies, acts and practices heretofore described were and are an unlawful

16  business act or practice because of Defendants' failure to provide meal and rest periods, failure to

17  pay wages and compensation for work without meal and rest periods, failure to pay overtime

18  wages, failure to pay all wages earned, failure to pay wages when due, and failure to provide

19  accurate wage statements to Plaintiffs and the Class Members violates applicable Labor Code

20  sections and gives rise to statutory penalties as a result of such conduct, but not limited to penalties

21  as provided by Labor Code sections 203, 204, 210, 225.5, 226, 226.3, 558, 1199 and applicable

22  Industrial Welfare Commission Wage Orders and the California Code of Regulations.  Plaintiffs

23  and the Class Members, as aggrieved employees, hereby seek recovery of civil penalties as

24  prescribed by the Labor Code Private Attorney General Act of 2004 for themselves and other

25  current and former employees of Defendants against whom one or more violations of the Labor

26  Code was committed.

27       109.  WHEREFORE, Plaintiffs and the Class Members request relief as hereinafter

28  prayed for.

<div align="center">21</div>

### ELEVENTH CAUSE OF ACTION
#### Unfair Competition Act
#### (Plaintiffs and all Class Members against all Defendants)

110.    Plaintiffs and the Class Members hereby incorporate the preceding paragraphs of this Complaint as if fully alleged herein.

111.    Plaintiffs and the Class Members suffered direct injury as a result of the Defendants' conduct, as alleged in the preceding paragraphs, and bring this action under Code of Civil Procedure § 382. The deprivation by Defendants of the Plaintiffs and the Class Members of wages due and lawful meal and rest periods, and Defendants' provision of inaccurate wage statements, are unlawful business practices within the meaning of Business and Professionals Code § 17200, et seq. including, but not limited to, a violation of the applicable Wage Orders, regulations, and statutes, and further, whether or not in violation of the aforementioned Wage Orders, regulation and statutes, amount to practices which are otherwise unfair.

112.    Under Business and Professions Code § 17200, et seq., including, but not limited to §§ 17201, 17203 and 17208, Plaintiffs assert standing on their own behalf and on the behalf of each of the subclasses alleged herein.  Plaintiffs and all Class Members seek, among others, restitution of compensation and reimbursement due during the Class Period.

113.    During the Class Period, Defendants, and each of them, have committed violations of law, as described herein, including, but not limited to:

    a.    Failing and refusing to pay for all wages earned, including premium overtime wages;

    b.    Failing and refusing to pay reporting time pay;

    c.    Failing and refusing to pay split-shift premiums;

    d.    Failing and refusing to provide meal periods, as mandated by law;

    e.    Failing and refusing to provide break and rest periods, as required by law;

    f.    Failing and refusing to provide accurate and complete wage statements, as required by law;

    g.    Failing and refusing to provide its employees with all of their wages within the time-frame prescribed by law;

22

h.   Failing and refusing to provide its former employees with all of their wages immediately upon terminating their employment against their will and/or within 72 hours of their voluntary resignation of their employment, as prescribed by law;

114.   These unlawful and unfair business practices defeat the public interest purposes of the State's labor laws, as set forth in the California Labor Code and the Industrial Wage Orders, which promote compliance with labor laws and employment regulations by participants in Defendants' industry.

115.   Defendants' unfair and unlawful business practices thus have imposed harm on their employees and their competitors and will continue to do so until abated. As a result of these unfair and unlawful business practices, Defendants have retained monies belonging to the Plaintiffs and the Class Members and they have been unjustly enriched at Plaintiffs' expense. Plaintiffs and the Class Members are entitled to restitution of the wages withheld and retained by Defendants during the Class Period and a preliminary and permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and the Class Members, to afford mandatory rest and meal breaks and to provide accurate and complete wage statements.

116.   As a direct and proximate result of Defendants' conduct, Plaintiffs and the Class Members have suffered injury and loss of money.

117.   This action will result in the enforcement of an important right affecting the public interest. The conduct of Defendants as alleged herein has been and continues to be unfair, unlawful and harmful to Plaintiffs and the Class Members, the members of each subclass, and the general public. Accordingly, under Code of Civil Procedure § 1021.5, Plaintiffs and the Class Members are entitled to an award of reasonable attorneys' fees according to proof.

118.   WHEREFORE, Plaintiffs and the Class Members request relief as hereinafter prayed for.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the Class Members pray as follows:

23

<u>CLASS CERTIFICATION</u>

1.     That this action be certified as a class action and that each subclass identified herein be certified;

2.     That Plaintiffs CASTRO and FLORES be appointed as the representative of the class and subclasses;

3.     That counsel for Plaintiffs be appointed as class counsel.

<u>AS TO THE FIRST CAUSE OF ACTION</u>

4.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512 and IWC Wage Order 5-2001 by willfully failing to provide all meal periods to Plaintiffs and the Class Members;

5.     That the Court grant an award to the Plaintiffs and the Class Members of one hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

6.     For all actual, consequential and incidental losses and damages, according to proof;

7.     For premiums pursuant to California Labor Code § 226.7(b);

8.     For prejudgment interest on any unpaid wages for the date such amounts were due;

9.     For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 211, 218.5, 1194, 2699(f) and (g), and 2802; and

10.    For such other further relief as the Court may deem equitable and appropriate.

<u>AS TO THE SECOND CAUSE OF ACTION</u>

11.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512 and IWC Wage Order 5-2001 by willfully failing to provide all rest periods to Plaintiffs and the Class Members;

12.    That the Court grant an award to the Plaintiffs and the Class Members of one hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

13.    For all actual, consequential and incidental losses and damages, according to proof;

14.    For premiums pursuant to California Labor Code § 226.7(b);

24

15. For prejudgment interest on any unpaid wages for the date such amounts were due;

16 For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 211, 218.5, 1194, 2699(f) and (g), and 2802; and

17. For such other further relief as the Court may deem equitable and appropriate.

## AS TO THE THIRD CAUSE OF ACTION

18. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510, 1194 and 1198 and IWC Wage Order 5-2001 by willfully failing to pay overtime wages to Plaintiffs and the Class Members;

19. That the Court grant an award to the Plaintiffs and the Class Members for Defendants willfully failing to pay overtime wages due to Plaintiffs and the Class Members;

20. For all actual, consequential and incidental losses and damages, according to proof;

21. For prejudgment interest on any unpaid wages for the date such amounts were due;

22. For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 218.5, 218.6, 558, and 1194; and

23. For such other further relief as the Court may deem equitable and appropriate.

## AS TO THE FOURTH CAUSE OF ACTION

24. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 1194 and 1198 by willfully failing to pay all wages due to Plaintiffs and the Class Members;

25. That the Court grant an award to the Plaintiffs and the Class Members for Defendants willfully failing to pay all wages due to Plaintiffs and the Class Members;

26. For all actual, consequential and incidental losses and damages, according to proof;

27. For premiums pursuant to California Labor Code § 226.7(b);

28. For prejudgment interest on any unpaid wages for the date such amounts were due;

29. For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 211, 218.5, 1194, 2699(f) and (g), and 2802; and

30. For such other further relief as the Court may deem equitable and appropriate.

## AS TO THE FIFTH CAUSE OF ACTION

25

31.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and IWC Wage Order 5-2001 as to Plaintiffs and the Class Members and that Defendants willfully failed to provide accurate itemized wage statements to Plaintiffs and the Class Members;

32.     For all actual, consequential and incidental losses and damages, according to proof;

33.     For statutory penalties pursuant to California Labor Code § 226(e);

34.     For injunctive relief to ensure compliance with Labor Code § 226(a), pursuant to California Labor Code § 226(g);

35.     For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 211, 218.5, 1194, 2699(f) and (g), and 2802; and

36.     For such other further relief as the Court may deem equitable and appropriate.

### AS FOR THE SIXTH AND SEVENTH CAUSES OF ACTION

37.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 204(b) by willfully failing to pay all compensation owed at the time of Plaintiff and the Class Members termination of employment and willfully failing to timely pay all compensation owed;

38.     For all actual, consequential and incidental losses and damages, according to proof;

39.     For statutory wage penalties in favor of Plaintiff and the Class Members that have left Defendants' employ, pursuant to California Labor Code §§ 203 and 210;

40.     For prejudgment interest on any unpaid wages for the date such amounts were due;

41.     For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 203, 210, 211, 218.5, and 1194; and

### AS TO THE EIGHTH CAUSE OF ACTION

42.     That the Court declare, adjudge and decree that Defendants violated IWC Wage Order 5-2001 by failing to pay reporting time to Plaintiffs and the Class Members who attended mandatory training meetings;

43.     That the Court grant an award to the Plaintiffs and the Class Members for willfully failing to pay all wages due to Plaintiffs and the Class Members;

26

44. For all actual, consequential and incidental losses and damages, according to proof;

45. For prejudgment interest on any unpaid wages for the date such amounts were due;

46. For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 211, 218.5, 1194, 2699(f) and (g), and 2802; and

47. For such other further relief as the Court may deem equitable and appropriate.

### AS TO THE NINTH CAUSE OF ACTION

48. That the Court declare, adjudge and decree that Defendants violated IWC Wage Order 5-2001 by failing to pay split shift premiums to Plaintiffs and the Class Members who worked a split shift, and who did not reside at their place of employment;

49. That the Court grant an award to the Plaintiffs and the Class Members for willfully failing to pay all wages due to Plaintiffs and the Class Members;

50. For all actual, consequential and incidental losses and damages, according to proof;

51. For prejudgment interest on any unpaid wages for the date such amounts were due;

52. For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 211, 218.5, 1194, 2699(f) and (g), and 2802; and

53. For such other further relief as the Court may deem equitable and appropriate.

### AS TO THE TENTH CAUSE OF ACTION

54. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, 203, 204, 210, 224, 226, 510, 512, 558, 1174, 1175 and IWC Wage Order 5-2001;

55. For all actual, consequential and incidental losses and damages, according to proof;

56. For premiums pursuant to California Labor Code § 226.7(b);

57. For prejudgment interest on any unpaid wages for the date such amounts were due;

58. For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 211, 218.5, 2698 et seq., 2699(f) and (g), and 2802; and

59. For such other further relief as the Court may deem equitable and appropriate.

### AS TO THE ELEVENTH CAUSE OF ACTION

60. That the Court declare, adjudge and decree that Defendants violated Business and

27

Professions Code § 17200 et seq., by failing to provide Plaintiffs and the Class Members with all compensation due to them, failing to pay overtime to Plaintiffs and the Class Members, failing to provide all meal and rest periods to Plaintiffs and the Class Members, failing to pay for all missed meal and rest periods to Plaintiffs and the Class Members, for failing to provide accurate and complete wage statements, and for failing to timely provide Plaintiffs and the Class Members all compensation due to them during their employment and after the termination of their employment;

61.    For restitution of unpaid wages and penalties to Plaintiffs and all the Class Members, and for prejudgment interest from the day such amounts were due and payable;

62.    For the appointment of a Receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of Business and Professions Code § 17200 et seq.;

63.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to Code of Civil Procedure § 1021.5;

64.    For injunctive relief to ensure compliance with this section, pursuant to Business and Professions Code § 17200 et seq.; and

65.    For such other and further relief as the Court may deem equitable and appropriate.

Dated: June 10, 2011

FITZPATRICK, SPINI & SWANSTON

By:

CHARLES SWANSTON
Attorney for Plaintiffs,
VANESSA CASTRO and
VERONICA FLORES

28

Castro v. Emeritus
Case No. M110966

First Amended Class Action Complaint for Damages
and for Injunctive Relief

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Charles Swanston, Esq.   SBN:   181882<br>Fitzpatrick, Spini & Swanston<br>838 S. Main Street, Suite E<br>Salinas, CA 93901<br>TELEPHONE NO.: 831-755-1311   FAX NO.: 831-755-1319<br>ATTORNEY FOR *(Name):* Plaintiffs | **FILED**<br>MAR 03 2011<br>CONNIE MAZZEI<br>CLERK OF THE SUPERIOR COURT<br>M. OLVEREZ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Monterey
STREET ADDRESS: 1200 Aguajito Road
MAILING ADDRESS:
CITY AND ZIP CODE: Monterey, CA 93940
BRANCH NAME: Monterey

CASE NAME: Castro v. Emeritus

| CIVIL CASE COVER SHEET<br>[X] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER: M110966<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* 10
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 2, 2011

Charles Swanston
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | Martin Dean's<br>ESSENTIAL FORMS™ | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|---|

Castro v. Emeritus

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACIÓN JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

MAR 03 2011

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
M. OLIVEREZ    DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Emeritus Corporation; Summerville at Harden
Ranch, LLC doing business as Emeritus at Harden
Ranch; and DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Vanessa Castro and Veronica Flores

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Monterey County Superior Court
1200 Aguajito Road
Monterey, CA 93940

CASE NUMBER *(Número del Caso):*
M110966

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Charles Swanston, Esq.                      831-755-1311
Fitzpatrick, Spini & Swanston
838 S. Main Street, Suite E, Salinas, CA 93901

DATE: MAR 03 2011          CONNIE MAZZEI       Clerk, by    M. OLIVEREZ        , Deputy
*(Fecha)*                                     *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
Summerville at Harden Ranch, LLC
doing business as Emeritus at
Harden Ranch
3. ☑ on behalf of (specify):
under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☑ other (specify): Limited Liability Company
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Martin Dean's
ESSENTIAL FORMS™

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Castro v. Emeritus

# EXHIBIT C

1   CHARLES SWANSTON (SBN: 181882)
    FTIZPATRICK, SPINI & SWANSTON
2   838 S. Main Street, Suite E
    Salinas, CA 93901
3   Telephone: (831) 755-1311
    Facsimile: (831) 755-1319
4

5   Attorneys for Plaintiffs

6

7

8               **SUPERIOR COURT OF CALIFORNIA**

9                 **COUNTY OF MONTEREY**

10   VANESSA CASTRO and VERONICA      CASE NO. M110966
     FLORES,
11

12             Plaintiffs,       **NOTICE OF CASE MANAGEMENT**
                         **CONFERENCE**

13   v.

14   EMERITUS CORPORATION;
     SUMMERVILLE AT HARDEN RANCH, LLC
15   doing business as EMERITUS AT HARDEN
     RANCH; and DOES 1 through 25, inclusive,
16

17             Defendants.

18   TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

19         PLEASE TAKE NOTICE that the Court has set this matter for a Case Management

20   Conference to be held on July 8, 2011, at 9:00 a.m. in Department 15 of Monterey County

21   Superior Court located at 1200 Aguajito Road, Monterey, California.

22

23   Dated: June 15, 2011               FITZPATRICK, SPINI & SWANSTON

24

25                            By: _____

26                            CHARLES SWANSTON
                            Attorneys for Plaintiffs
27                             VANESSA CASTRO and
                            VERONICA FLORES

28

                                     1

**CERTIFICATE OF SERVICE**

I, Bryana Schroder, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On July 18, 2011, I served the attached **CIVIL COVER SHEET; NOTICE OF REMOVAL TO FEDERAL COURT [28 USC §§ 1332, 1441, 1446** in this action by placing true and correct copies thereof, enclosed in sealed envelope(s), addressed as follows:

Charles Swanston                         Attorney for Plaintiffs
Fitzpatrick, Spini & Swanston            VANESSA CASTRO and
838 S. Main Street, Suite E              VERONICA FLORES
Salinas, CA 93901
Telephone:  (831) 755-1311
Facsimile:  (831) 755-1319

[ X ]   BY MAIL:  United States Postal Service by placing sealed envelope(s) with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.  **[( ) *Courtesy copy by e-mail*.]**

[ ]     BY HAND DELIVERY:  I caused such envelope(s) to be delivered by hand to the above address.

[ ]     BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above address within 24 hours by overnight delivery service. **[( ) *Courtesy copy by e-mail.*]**

[ ]     BY FACSIMILE:  I caused such document to be transmitted by facsimile from our fax number (415) 394-9401 to the fax number indicated above (by written agreement, confirming letter dated and signed MM/DD/YY).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on July 18, 2011, at San Francisco, California.

_____
Bryana Schroder

4844-6446-6186, v. 1