UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VANESSA CASTRO, ET AL.,<br><br>    Plaintiffs,<br><br> v.<br><br>EMERITUS CORPORATION, ET AL.,<br><br>    Defendants. | Case No.: 5:11-CV-03504 EJD<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS; GRANTING MOTION TO STRIKE; SETTING CASE MANAGEMENT CONFERENCE**<br><br>**(Re: Docket No. 15)** |

  Pending before the court is Defendants' motion to dismiss Plaintiff Vanessa Castro's ("Castro") and Plaintiff Veronica Flores's ("Flores") Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, Defendants move to strike portions of the allegations pursuant to Federal Rule of Civil Procedure 12(f). For the reasons set forth below, Defendants' Motion To Dismiss is GRANTED as to the second cause of action for split shift premiums and DENIED as to all remaining causes of action, and Defendants' Motion To Strike is GRANTED.

## I. BACKGROUND

  On March 3, 2011, Plaintiffs commenced this putative class action in the Superior Court of the State of California, County of Monterey. Defendants removed the action on July 8, 2011. On October 3, 2011, Plaintiffs filed the SAC based on seven causes of action. Plaintiffs allege the following claims in their SAC: (1) failure to pay reporting time pay, (2) failure to pay split shift

1

premiums, (3) failure to provide itemized wage statements, (4) failure to timely pay wages after separation, and (5) failure to pay wages during employment. Plaintiffs seek civil penalties for these violations under (6) Private Attorneys General Act ("PAGA"), and also claim Defendants' actions violate (7) Cal. Bus. & Profs. Code § 17200 et seq. ("UCL"). On October 20, 2011, Defendants moved to dismiss the FAC. On December 5, 2011, the court took the motion under submission without oral argument pursuant to Civil L.R. 7-1(b).

The SAC states the following facts in support of these claims:

Castro was employed by Defendants from March 2007 to October 2010. SAC ¶ 4. Flores was employed by Defendants from July 2009 to October 2010. Id. ¶ 5. Both worked for an hourly wage as resident assistants who are not exempt from the protections of the California Labor Code. Id. ¶¶ 4-5.

During the period beginning four years before the commencement of this lawsuit and continuing to the date on which the classes or subclasses are certified (the "Class Period"), Plaintiffs were required to report for at least one work-related training session each month, which nearly always lasted substantially less than two hours. Id. ¶ 20. These sessions were scheduled on days for which Plaintiffs were not otherwise scheduled to work. Id. ¶ 21. These sessions also were scheduled on days that Plaintiffs did work, either before or after Plaintiffs' shifts, resulting in periods of more than an hour between a training session and a shift. Id. ¶ 22. Defendants were paid only for the amount of time they spent in attendance at these training sessions and were not paid a reporting time premium for attending training on their days off or for reporting to work twice in one day. Id. ¶¶ 20-21. Plaintiffs also were not paid for the time between the training and their shifts on days when they reported to work twice. Id. ¶ 22. Defendants also scheduled Plaintiffs to work split shifts that were unrelated to the aforementioned training sessions as a result of Defendants' policy of minimizing man-hours. Id. ¶¶ 22-23.

2

Case No.: 5:11-CV-03504 EJD
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS;
GRANTING MOTION TO STRIKE; SETTING CASE MANAGEMENT CONFERENCE

## II. LEGAL STANDARDS

**A. Motion To Dismiss**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). Assertions that are mere "legal conclusions," are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) (citing Twombly, 550 U.S. at 555).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give[ ]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ.P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

### B. Motion To Strike

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (rev'd on other grounds Fogerty v. Fantasy, Inc., 114 S.Ct. 1023, 127 (1994)) (internal citations and quotations omitted). Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. Id.

## III. ANALYSIS

### A. Claim 1: Reporting Time Pay

The Industrial Welfare Commission ("IWC") Wage Order 4 defines and sets the compensation required for "reporting time pay" See Cal.Code Regs., tit. 8, § 11040, subd. 5. Subdivision 5(A) of the Wage Order provides for reporting time pay when an employee reports to work and is put to work for less than half of the employee's usual or scheduled day's work. That employee is entitled to be paid for half of the usual or scheduled day's work, but in no event for less than two hours or more than four hours. Id. at 5(A).

Defendants argue that Plaintiffs' first cause of action alleging failure to pay reporting time premiums fails to state a claim as a matter of law. Specifically, Defendants argue that Plaintiffs fail to state a claim under Subdivision 5(A) because, although Plaintiffs allege they were required to attend two-hour training sessions on days they were not otherwise scheduled to work, those sessions were scheduled in advance, and Plaintiffs do not claim the sessions lasted less than one hour.

Defendants' argument is supported by the recent decision in Aleman v. AirTouch Cellular, 202 Cal. App. 4th 117 (2011). The court in Aleman found that if an employee's only scheduled work for the day is a mandatory meeting, and the employee works more than half of the time that was

4

scheduled for the meeting, the employer is not required to pay reporting time pay pursuant to subdivision 5(A) of Wage Order 4. Id. at 128. Rather, because the employee was furnished work for more than half the scheduled time, the employee would be entitled to receive wages only for the actual time worked and would not be entitled to receive additional compensation as reporting time pay. Id.

The Aleman court distinguished its holding from the holding that reporting time pay was required in Price v. Starbucks, 192 Cal. App. 4th 1136 (2011), a case on which Plaintiffs rely, emphasizing that Price was asked to come in for a talk on his day off, was not given a particular time to come in, did not know the reason for being asked to come in, and had no idea how long it would last. Id. at 654. In contrast, the meetings in Aleman were listed on the employee's schedule, had certain start times, expected topics and durations, and all lasted at least half of the expected duration. Id. Here, Plaintiffs have alleged the meetings were held monthly and had an expected duration and topic. The court, however, does not need to decide whether Plaintiffs have stated facts sufficient to state a claim under Subdivision 5(A) because they have successfully pleaded a claim for reporting time pay under Subdivision 5(B).

Subdivision 5(B) applies when an employee is required to report for work a second time in one workday and is furnished less than two hours of work on the second reporting. See Cal.Code Regs., tit. 8, § 11040, subd. 5(B). That employee in entitled to be paid for two hours at the employee's regular rate of pay. Plaintiffs pleaded that they were required to attend training sessions more than an hour after their shifts ended (SAC ¶ 22), those training sessions lasted less than two hours (id. ¶ 20), and they were paid only for the time they spent in attendance at those sessions (id.). Thus, Plaintiffs have pleaded sufficient facts to state a plausible claim that they are entitled to reporting time premiums. The motion to dismiss therefore is DENIED as to the claim for failure to pay reporting time pay.

**B. Claim 2: Split Shift Premiums**

IWC Wage Order 4 Subdivision 4(C) requires that when an employee works a split shift, one hour's pay at the minimum wage shall be paid in addition to the minimum wage for that

5

Case No.: 5:11-CV-03504 EJD
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS;
GRANTING MOTION TO STRIKE; SETTING CASE MANAGEMENT CONFERENCE

workday, except when the employee resides at the place of employment. See Cal.Code Regs., tit. 8, § 11040, subd. 4(C). A "split shift" is defined as "a work schedule, which is interrupted by non-paid non-working periods established by the employer, other than bona fide rest or meal periods."

Plaintiffs have a pleaded that on days they were required to attend a training session and also were scheduled to work, there was an interruption between the training session and the beginning or end of their shifts of more than an hour. SAC ¶ 22. Plaintiffs were not compensated for that time. Id. These interruptions were not associated with bona fide rest or meal periods. Id. Plaintiffs did not reside at their place of employment. Id.

Plaintiffs, however, have not pleaded facts sufficient to show they are owed any additional compensation for these split-shifts. "The [split shift] provision provides that one hour at the 'minimum wage shall be paid in addition to the *minimum* wage for that workday' (italics added)—not the *regular* wage for that workday." Aleman, 202 Cal. App. 4th 117, 133. "This provision also applies to employees paid more than the minimum wage. However, such employees are only entitled to the difference between what they actually earned and what they would have earned had they been paid the minimum wage for their entire shift plus an extra hour." Id. at 134 (citing Chin et al., Cal. Practice Guide: Employment Litigation (The Rutter Group 2011) at ¶ 11:683, p. 11–69).

Plaintiffs have not pleaded facts sufficient to show that they were not compensated at least the amount they would have earned had they been paid minimum wage for the hours worked and one additional hour. Thus, Plaintiffs have failed to state a plausible claim that they are owed split shift premiums. The motion to dismiss therefore is GRANTED as to the claim for failure to pay split shift premiums with leave to amend.

**C. Claims 3-7**

Defendants argue that Plaintiffs' remaining claims must be dismissed because the claims for reporting time pay and split shift pay are insufficiently pleaded and the remaining claims are derivative of these first two claims. The court, however, has denied Defendants' motion to dismiss as to Plaintiffs' claim for reporting time pay. The motion therefore is also DENIED as to Plaintiffs' remaining claims.

### D. Motion To Strike

In the alternative, Defendants argue that the court should strike Plaintiffs' allegations in paragraphs 62-64, 67, 70, and 73 relating to Defendants' alleged meal, rest break, and overtime violations. Defendants argue these allegations should be stricken because Plaintiffs dropped the related causes of action that were included in their First Amended Complaint and may have included these allegations in their SAC inadvertently. Plaintiffs did not respond to this argument or address this Motion To Strike in any way. The court grants Defendants motion to strike these allegations because Plaintiffs have failed to allege any facts or causes of action relating to the allegations.

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED that Defendants' Motion To Dismiss the SAC is GRANTED as to the second cause of action for failure to pay split shift premiums and DENIED as to all other claims. Plaintiffs may file an amended complaint no later than March 16, 2012.

IT IS FURTHER ORDERED that Defendants' Motion To Strike Plaintiffs' allegations in paragraphs 62-64, 67, 70, and 73 relating to Defendants' alleged meal, rest break, and overtime violations is GRANTED.

IT IS FURTHER ORDERED that the parties shall appear for a case management conference on March 30, 2012. The parties shall submit a joint case management statement no later than March 23, 2012.

Dated: February 23, 2012

_____
EDWARD J. DAVILA
United States District Judge

7

Case No.: 5:11-CV-03504 EJD
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS;
GRANTING MOTION TO STRIKE; SETTING CASE MANAGEMENT CONFERENCE