

BY FAX

1  JOANNA L. BROOKS (SBN 182986)
   MARK S. ASKANAS (SBN 122745)
2  DYLAN B. CARP (SBN 196846)
   DAVID T. WANG (SBN 275015)
3  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
4  San Francisco, CA  94105
   Telephone    415.394.9400
5  Facsimile:    415.394.9401

6  Attorneys for Defendants
   EMERITUS CORPORATION and
7  SUMMERVILLE AT HARDEN RANCH, LLC
   dba EMERITUS AT HARDEN RANCH

8

RECEIVED

JUL - 9 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

FILED

JUL 1 0 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

9              UNITED STATES DISTRICT COURT

10       NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11

12  VANESSA CASTRO and VERONICA
    FLORES,
13
                    Plaintiffs,
14
         v.
15
16  EMERITUS CORPORATION;
    SUMMERVILLE AT HARDEN RANCH, LLC
    doing business as EMERITUS AT HARDEN
17  RANCH; and DOES 1 through 50, inclusive,
18                  Defendants.
19

Case No.  C-11-03504 HRL

**JOINT STIPULATION AND
[PROPOSED] PROTECTIVE ORDER**

*MODIFIED BY THE COURT*

Complaint Filed: March 3, 2011
Trial Date:  September 30, 2013

(RE: DOCKET NO. 44)

20       1.    **PURPOSES AND LIMITATIONS**

21         Disclosure and discovery activity in this action are likely to involve production of

22  confidential, proprietary, personal or private information for which special protection from public

23  disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

24  Accordingly, Plaintiffs VANESSA CASTRO and VERONICA FLORES, individually and on

25  behalf of all others similarly situated, and Defendants EMERITUS CORPORATION and

26  SUMMERVILLE AT HARDEN RANCH, LLC doing business as EMERITUS AT HARDEN

27  RANCH, (collectively "the Parties") hereby stipulate to and petition the court to enter the

28  following Joint Stipulation and Protective Order ("Stipulated Protective Order").  The Parties

1

STIPULATION AND [PROPOSED] PROTECTIVE ORDER        Case No. C-11-03504 HRL

1   acknowledge that this Stipulated Protective Order will apply to disclosures and discovery which

2   take place during the course of this litigation, and that it does not confer blanket protections on all

3   disclosures or responses to discovery and that the protection it affords from public disclosure and

4   use extends only to the limited information or items entitled to confidential treatment under the

5   applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below,

6   that this Stipulated Protective Order does not entitle them to file confidential information

7   under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the

8   standards that will be applied when a party seeks permission from the court to file material under

9   seal.

10   **2.   DEFINITIONS**

11        2.1   Challenging Party: a Party or Non-Party who challenges the designation of

12   information or items under this Stipulated Protective Order.

13        2.2   "CONFIDENTIAL" Information or Items: information (regardless of how

14   it is generated, stored or maintained) or tangible things which the Designating party contends

15   qualifies for protection under Federal Rule of Civil Procedure 26(c).

16        2.3   Counsel (without qualifier): Outside Counsel of Record and House

17   Counsel as well as supporting staff.

18        2.4   Designating Party: a Party or Non-Party who designates information or

19   items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY"

20   in its disclosures or responses for production in discovery.

21        2.5   Disclosure or Discovery Material: all items or information, regardless of

22   the medium or manner in which it is generated, stored or maintained (including, among other

23   things, testimony, transcripts and tangible things), which are produced or generated in disclosures

24   or responses to discovery in this matter.

25        2.6   Expert: a person with specialized knowledge or experience in a matter

26   pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

27   witness or as a consultant in this action.

28        2.7   "HIGHLY   CONFIDENTIAL—ATTORNEY'S   EYES   ONLY"

2

1    Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," the

2    disclosure of which to another Party or Non-Party the Designating party contends would create a

3    substantial risk of serious harm that could not be avoided by less restrictive means.

4            2.8    House Counsel: attorneys who are employees of a Party to this action.

5    House Counsel does not include Outside Counsel of Record or any other outside counsel.

6            2.9    Non-Party: any natural person, partnership, corporation, association or

7    other legal entity not named as a Party to this action.

8            2.10    Outside Counsel of Record: attorneys who are not employees of a Party to

9    this action but are retained to represent or advise a Party to this action and have appeared in this

10   action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of

11   that Party.

12           2.11    Party: any Party to this action, including all of its officers, directors,

13   employees, consultants, retained experts and Counsel and supporting staffs.

14           2.12    Privileged Material:  Attorney-client privileged communications or other

15   information not subject to discovery under the Federal Rules of Civil Procedure, the Federal

16   Rules of Evidence, or other applicable source of law.

17           2.13    Producing Party:   a Party or Non-Party who produces Disclosure or

18   Discovery Material in this action.

19           2.14    Professional Vendors: persons or entities that provide litigation support

20   services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

21   organizing, storing, or retrieving data in any form or medium) and their employees, contractors

22   and subcontractors.

23           2.15    Protected Material: any Disclosure or Discovery Material designated as

24   "CONFIDENTIAL" or constituting Privileged Material or Work-Product Material.

25           2.16    Receiving Party: a Party who receives Disclosure or Discovery Material

26   from a Producing Party.

27           2.17    Work-Product Material:  Attorney work-product material prepared or

28   compiled in anticipation of litigation and not subject to discovery under the Federal Rules of Civil

3

1    Procedure, the Federal Rules of Evidence or other applicable sources of law.

2        **3.    SCOPE**

3        The protections conferred by this Stipulated Protective Order cover not only Protected

4    Material (as defined above), but also (i) any information copied or extracted from Protected

5    Material; (ii) all copies, excerpts, summaries, or compilations of Protected Material; and (iii) any

6    testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected

7    Material.  However, the protections conferred by this Stipulated Protective Order do not cover the

8    following information: (i) any information in the public domain at the time of disclosure to a

9    Receiving Party or which becomes part of the public domain after its disclosure to a Receiving

10   Party as a result of publication not involving a violation of this Stipulated Protective Order; and

11   (ii) any information known to the Receiving Party prior to the disclosure or obtained by the

12   Receiving Party after the disclosure from a source who obtained the information lawfully and

13   under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at

14   trial shall be governed by a separate agreement or order.

15       **4.    DURATION**

16       Even after final disposition of this litigation, the confidentiality obligations imposed by

17   this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise

18   in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of

19   (i) dismissal of all claims and defenses in this action, with or without prejudice; and (ii) final

20   judgment herein after the completion and exhaustion of all appeals, hearings, remands, trials or

21   reviews of this action, including the time limits for filing any motions or applications for

22   extension of time pursuant to applicable law. FOR A PERIOD OF SIX MONTHS AFTER FINAL
     DISPOSITION OF THIS LITIGATION, THIS COURT WILL RETAIN JURISDICTION TO ENFORCE

23       **5.    DESIGNATING PROTECTED MATERIAL**  THE TERMS OF THIS ORDER.

24       5.1    Exercise of Restraint and Care in Designating Material for Protection.

25   Each Party or Non-Party who designates information or items for protection under this Stipulated

26   Protective Order must take care to limit any such designation to specific material which qualifies

27   under the appropriate standards and this Order.  The Designating Party must designate for

28   protection only those parts of material, documents, items or oral or written communications that

STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER        Case No. C-11-03504 HRL

1    qualify, so other portions of the material, documents, items or communications for which

2    protection is not warranted are not swept unjustifiably within the ambit of this Stipulated

3    Protective Order.

4           Mass, indiscriminate or routinized designations are prohibited.   Designations

5    shown to be clearly unjustified or made for an improper purpose (*e.g.*, to unnecessarily encumber

6    or retard the case development process or to impose unnecessary expenses and burdens on other

7    parties) may expose the Designating Party to sanctions.

8           If it comes to a Designating Party's attention that information or items designated

9    for protection do not qualify for protection, the Designating Party must promptly notify all other

10   Parties it is withdrawing the erroneous designation.

11          5.2    Manner and Timing of Designations.  Except as otherwise provided in this

12   Stipulated Protective Order (or as otherwise stipulated or ordered), Disclosure or Discovery

13   Material that qualifies for protection under this Stipulated Protective Order must be clearly so

14   labeled or designated as such before the material is disclosed or produced.

15          Designation in conformity with this Stipulated Protective Order requires:

16          (a)    for information in documentary form (e.g., paper or electronic documents,

17   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

18   Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEY'S

19   EYES ONLY" to each page that contains protected material.

20          A Party or Non-Party that makes original documents or materials available for

21   inspection need not designate them for protection until after the inspecting Party has indicated

22   which material it would like copied and produced.   During the inspection and before the

23   designation,  all  of  the  material  made  available  for  inspection  shall  be  deemed

24   "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and

25   produced, the Producing Party must determine which documents, or portions thereof, qualify for

26   protection under this Stipulated Protective Order.   Then, before producing the specified

27   documents,  the  Producing  Party  must  affix  the  "CONFIDENTIAL"  or  "HIGHLY

28   CONFIDENTIAL—ATTORNEY'S EYES ONLY" legend to each page that contains Protected

5

1   Material. If only a portion or portions of the material on a page qualifies for protection, the

2   Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

3   markings in the margins).

4           (b)    for testimony given in deposition or in other pretrial or trial proceedings,

5   that the Designating Party identify on the record, before the close of the deposition, hearing or

6   other proceeding, the points at which the protected testimony commenced and concluded.

7           (c)    for information produced in some form other than documentary and for any

8   other tangible items, that the Producing Party affix in a prominent place on the exterior of the

9   container or containers in which the information or item is stored the legend "CONFIDENTIAL"

10   or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY." If only a portion or portions

11   of the information or item(s) warrant protection, the Producing Party, to the extent practicable,

12   shall identify the protected portion(s).

13           5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent

14   failure to designate qualified information or items does not, standing alone, waive the Designating

15   Party's right to secure protection under this Stipulated Protective Order for such material. Upon

16   timely correction of a designation, the Receiving Party must make reasonable efforts to ensure the

17   material is treated in accordance with the provisions of this Stipulated Protective Order.

18     **6.**      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

19           6.1    Timing of Challenges. Any Party or Non-Party may challenge a

20   designation of confidentiality at any time. A Party does not waive its right to challenge a

21   confidentiality designation by electing not to mount a challenge promptly after the original

22   designation is disclosed.

23           6.2    Meet and Confer. The Challenging Party shall initiate the dispute

24   resolution process by providing written notice of each designation it is challenging and describing

25   the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the

26   written notice must recite that the challenge to confidentiality is being made in accordance with

27   this specific paragraph of the Stipulated Protective Order. The parties shall attempt to resolve

28   each challenge in good faith and must begin the process by conferring directly within seven (7)

STIPULATION AND [PROPOSED] PROTECTIVE ORDER     Case No. C-11-03504 HRL

1   days of the date of service of notice.  In conferring, the Challenging Party must explain the basis

2   for its belief that the confidentiality designation was not proper and must give the Designating

3   Party an opportunity to review the Protected Material, to reconsider the circumstances, and, if no

4   change in designation is offered, to explain the basis for the chosen designation.  The

5   consequences for failing to satisfy the meet and confer requirement set forth in this paragraph

6   shall be the same as the consequences for failing to satisfy the meet and confer requirements prior

7   to filing a discovery motion.

8          6.3    Judicial Intervention.    A Party may challenge the propriety of any

9   designation under this Stipulated Protective Order at any time. ~~A challenge may be made by~~ IF GOOD FAITH NEGOTIATIONS

10  ~~serving on all other parties a captioned notice of objection, which shall identify with particularity~~ DO NOT RESOLVE THE DISPUTE AND JUDICIAL INTERVENTION IS REQUIRED,

11  ~~the Protected Material whose designation is challenged, state the basis for each challenge and~~ THE PARTIES SHALL COMPLY WITH THE UNDERSIGNED'S STANDING ORDER

12  ~~propose a new designation for each item.  The challenged material shall be deemed redesignated~~ RE CIVIL DISCOVERY DISPUTES.

13  ~~as proposed unless, within eight (8) calendar days after service, the Designating Party has filed~~

14  ~~and served a motion for a protective order to maintain the original designation or to establish~~

15  ~~other confidentiality protections.~~  Nothing in this Stipulated Protective Order shall be construed

16  as changing the law with regard to which Party has the burden of production, proof and/or

17  persuasion to prove information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

18  ATTORNEY'S EYES ONLY" or as changing the law with regard to when court records may be

19  sealed.   The burden of establishing that a document is "CONFIDENTIAL" or "HIGHLY

20  CONFIDENTIAL—ATTORNEY'S EYES ONLY" remains with the proponent of

21  confidentiality. Confidentiality shall be preserved until the Court's resolution of the dispute.

22  7.     ACCESS TO AND USE OF PROTECTED MATERIAL

23         7.1    Basic Principles.  A Receiving Party may use Protected Material disclosed

24  or produced by another Party or by a Non-Party in connection with this case only for prosecuting,

25  defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

26  to the categories of persons and under the conditions described in this Stipulated Protective Order.

27  When the litigation has been terminated, a Receiving Party must comply with the provisions of

28  Section 13 below (**FINAL DISPOSITION**).

7.

1    Protected Material must be stored and maintained by a Receiving Party at a

2 location and in a secure manner to ensure that access is limited to the persons authorized under

3 this Stipulated Protective Order.

4    7.2    Disclosure of "CONFIDENTIAL" Information or Items: Unless otherwise

5 ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

6 disclose    any    information    or    item    designated    "CONFIDENTIAL"    or    "HIGHLY

7 CONFIDENTIAL—ATTORNEY'S EYES ONLY" only to:

8    (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

9 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

10 information for this litigation and who have signed the "ACKNOWLEDGMENT AND

11 AGREEMENT TO BE BOUND" that is attached hereto as Exhibit A;

12    (b)    Each Plaintiff in this action, and the officers, directors, and employees

13 (including House Counsel) of Defendants to whom disclosure is reasonably necessary for this

14 litigation and who have signed the "ACKNOWLEDGMENT AND AGREEMENT TO BE

15 BOUND" (Exhibit A);

16    (c)    Experts (as defined in this Stipulated Protective Order) of the Receiving

17 Party to whom disclosure is reasonably necessary for this litigation and who have signed the

18 "ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND" (Exhibit A);

19    (d)    the court and its personnel;

20    (e)    court reporters and their staff, professional jury or trial consultants, ADR

21 providers or mediators, mock jurors and Professional Vendors to whom disclosure is reasonably

22 necessary for this litigation   and who have signed the "ACKNOWLEDGMENT AND

23 AGREEMENT TO BE BOUND" (Exhibit A);

24    (f)    during their depositions, witnesses in the action to whom disclosure is

25 reasonably necessary and who have signed the "ACKNOWLEDGMENT AND AGREEMENT

26 TO BE BOUND" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the

27 court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

28 Material must be separately bound by the court reporter and may not be disclosed to anyone

STIPULATION AND [PROPOSED] PROTECTIVE ORDER        Case No. C-11-03504 HRL

1   except as permitted under this Stipulated Protective Order.

2         (g)   the author or recipient of a document containing the information or a

3   custodian or other person who otherwise possessed or knew the information.

4      **8.**    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

5           **IN OTHER LITIGATION**

6         If a Party is served with a subpoena or a court order issued in other litigation that

7   compels disclosure of any information or items designated in this action as "CONFIDENTIAL"

8   or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY," that Party must:

9         (a)   promptly notify in writing the Designating Party.   Such notification shall

10  include a copy of the subpoena or court order;

11        (b)   promptly notify in writing the Party who caused the subpoena or order to

12  issue in the other litigation that some or all of the material covered by the subpoena or order is

13  subject to this Stipulated Protective Order.   Such notification shall include a copy of this

14  Stipulated Protective Order; and

15        (c)   cooperate with respect to all reasonable procedures sought to be pursued by

16  the Designating Party whose Protected Material may be affected.

17        If the Designating Party timely seeks a protective order, the Party served with the

18  subpoena or court order shall not produce any information designated in this action as

19  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY" before a

20  determination by the court from which the subpoena or order issued, unless the Party has obtained

21  the Designating Party's permission. The Designating Party shall bear the burden and expense of

22  seeking protection in that court of its confidential material. Nothing in these provisions should be

23  construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful

24  directive from another court.

25  ///

26  ///

27

28

9.   **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1     The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2     In the event a Party is required, by a valid discovery request, to produce a Non-Party's "CONFIDENTIAL" information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's "CONFIDENTIAL" information, then the Party shall:

(a)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)     promptly provide the Non-Party with a copy of the Stipulated Protective Order together with a description of the information requested; and

(c)     make the information requested available for inspection by the Non-Party.

9.3     If the Non-Party fails to object or seek a protective order from this court within seven (7) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's "CONFIDENTIAL" information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material. ALL SUCH DISPUTES ARE SUBJECT TO THE UNDERSIGNED'S STANDING ORDER RE CIVIL DISCOVERY DISPUTES.

///

///

10

STIPULATION AND [PROPOSED] PROTECTIVE ORDER          Case No. C-11-03504 HRL

1   **10.   NON-WAIVER "CLAWBACK" PROVISIONS AS TO CONFIDENTIAL**
2   **INFORMATION**

3   The inadvertent or unintentional disclosure by the Producing Party of information it
4   believes should be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—
5   ATTORNEY'S EYES ONLY," regardless of whether the information was so designated at the
6   time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of
7   confidentiality, either as to the specific information disclosed or as to any other information
8   relating thereto or on the same or related subject matter.  To be entitled to this protection, there
9   shall be no requirement for the producing Party to prove it took reasonable steps to prevent
10  disclosure, including, without limitation, proof its efforts to review for confidential information or
11  documents were reasonable.  Information inadvertently or unintentionally disclosed without
12  designation or designated late may be designated from the date written notice of the designation is
13  provided to the Receiving Party.  However, reasonable efforts shall be made by the Receiving
14  Party after late designation to recover any documents, things or testimony transcripts containing
15  the information which disclosure would have been improper had timely designation been made.
16  Moreover, after late designation, the Parties shall treat the subject matter as if timely designated.

17  **11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
18  **PROTECTED MATERIAL**

19  When a Producing Party gives notice to Receiving Parties that certain inadvertently
20  produced material is subject to a claim of privilege or other  protection, the obligations of the
21  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This
22  provision is not intended to modify whatever procedure may be established in an e-discovery
23  order that provides for production without prior privilege review.

24  **12.   MISCELLANEOUS**

25  12.1   Right to Further Relief.  Nothing in this Stipulated Protective Order
26  abridges the right of any person to seek its modification by the court in the future.  Further, in the
27  event any Party or Non-Party violates or threatens to violate this Order, the Parties agree that the
28  affected Party and/or its agents or attorneys may immediately apply to the Court to obtain

11

1   injunctive relief against the Party or Non-Party violating or attempting to violate this Order.

2          12.2   <u>Right to Assert Other Objections</u>.   By stipulating to the entry of this

3   Stipulated Protective Order no Party waives any right it otherwise would have to object to

4   disclosing or producing any information or item on any ground not addressed in this Stipulated

5   Protective Order.  Similarly, no Party waives any right to object on any ground to the use in

6   evidence of any of the material covered by this Stipulated Protective Order.

7          12.3   <u>Filing Protected Material</u>.

8          (a)   Without written permission from the Designating Party or a court order

9   secured after appropriate notice to all interested persons, a Party may not file in the public record
    *DISCOVERY DISPUTE JOINT REPORTS*

10  in this action, including records filed or lodged in connection with ~~discovery motions~~, any

11  Protected Material.  A Party who seeks to file under seal any Protected Material must comply

12  with Civil Local Rule 79-5.   Protected Material may only be filed under seal pursuant to a court

13  order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local

14  Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material

15  at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the

16  law. A Receiving Party's request to file Protected Material under seal shall not be construed as an

17  admission on the part of the Receiving Party that any of the material which is the subject of the

18  request is in fact privileged, confidential or otherwise entitled to protection.  If a Receiving

19  Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied

20  by the court, then the Receiving Party may file the information in the public record pursuant to

21  Civil Local Rule 79-5(e) unless otherwise instructed by the court.

22         (b)   The parties expressly agree that lodging or filing of Protected Material with

23  the Court not under seal shall not be deemed or constitute a waiver of confidentiality under the

24  terms of this Stipulated Protective Order.

25  **13.**   **FINAL DISPOSITION**.

26         Within sixty (60) days after the final disposition of this action, as defined in

27  Section 4, each Receiving Party must return all Protected Material to the Producing Party or

28  destroy such material.  As used in this subdivision, "Protected Material" includes all copies,

1  abstracts, compilations, summaries and any other format reproducing or capturing any of the

2  Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party

3  must submit a written certification to the Producing Party (and, if not the same person or entity, to

4  the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate)

5  all the Protected Material returned or destroyed, and (2) affirms that the Receiving Party has not

6  retained any copies, abstracts, compilations, summaries or any other format reproducing or

7  capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

8  retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts;

9  legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work

10  product; and consultant and expert work product, even if such materials contain Protected

11  Material. Any such archival copies which contain or constitute Protected Material remain subject

12  to this Stipulated Protective Order as set forth in Section 4.

13

14  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

15  DATED: 7-5-12

16  Fitzpatrick, Spini & Swanston
    Charles Swanston

17  Attorney for Plaintiffs
    VANESSA CASTRO and VERONICA FLORES,

18  individually and on behalf of all others similarly
    situated

19

20  DATED: 7.3.12

21  JoAnna L. Brooks
    Mark S. Askanas

22  Dylan B. Carp
    David T. Wang

23  Attorneys for Defendants
    EMERITUS CORPORATION and

24  SUMMERVILLE AT HARDEN RANCH, LLC dba
    EMERITUS AT HARDEN RANCH

25  AS MODIFIED BY THE COURT,
    PURSUANT TO STIPULATION, IT IS SO ORDERED.
                                ʌ

26

27  DATED: 7/10/12

28  HONORABLE HOWARD R. LLOYD
    UNITED STATES MAGISTRATE JUDGE

13

STIPULATION AND [PROPOSED] PROTECTIVE ORDER          Case No. C-11-03504 HRL

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the HONORABLE HOWARD R. LLOYD for the UNITED STATES

DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, on [date] in the case of

VANESSA CASTRO and VERONICA FLORES, individually and on behalf of all others

similarly situated, v. EMERITUS CORPORATION and SUMMERVILLE AT HARDEN

RANCH, LLC dba EMERITUS AT HARDEN RANCH (Case No. C-11-03504 HRL). I agree to

comply with and be bound by all the terms of this Stipulated Protective Order and understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

of contempt. I promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict compliance with

the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the UNITED STATES DISTRICT

COURT, NORTHERN DISTRICT OF CALIFORNIA for the purpose of enforcing the terms of

this Stipulated Protective Order, even if such enforcement proceedings occur after termination of

this action.

I hereby appoint _____ [print or type full name]

of _____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

14

STIPULATION AND [PROPOSED] PROTECTIVE ORDER          Case No. C-11-03504 HRL